**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **Eric Westerfield**,<br><br>Plaintiff,<br><br>v.<br><br>**Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, GEICO Choice Insurance Company, GEICO Secure Insurance Company, GEICO Advantage Insurance Company,** and **GEICO Marine Insurance Company**,<br><br>Defendants. | Cause No. 4:26-cv-00173<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendants Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, GEICO Choice Insurance Company, GEICO Secure Insurance Company, GEICO Advantage Insurance Company, and GEICO Marine Insurance Company (collectively, "GEICO" or "Defendants"), without waiving any defenses they may have, hereby remove this action, *Westerfield v. Gov't Employees Ins. Co. et al.*, Case No. 25SL-CC14196, from the Twenty-First Judicial Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri.

In support of its Notice of Removal, GEICO states as follows:

## I. INTRODUCTION

1. This case is hereby removed from state court to federal court because at the time the Petition was filed, and at this time: (1) diversity of citizenship exists between the parties; (2) the size of the putative class exceeds 100; and (3) as alleged in the Petition, the claims asserted by Plaintiff Eric Westerfield ("Plaintiff"), individually and on behalf of all others similarly situated, exceeds $5,000,000, exclusive of interest and costs. This Court, therefore, has original jurisdiction over the action under the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d).

2. Plaintiff's counsel has acknowledged that this Court has jurisdiction under CAFA. Indeed, there is a nearly identical class action, brought by the same counsel who represents Plaintiff here and which would include Plaintiff as a putative class member, that is already pending in a federal court in Florida pursuant to jurisdiction under CAFA. *See Kane v. GEICO Casualty Company*, Case No. 6:25-cv-00532 (M.D. Fla. 2025).

3. On December 9, 2025, Plaintiff commenced this putative class action as Case No. 25SL-CC14196 in the Twenty-First Judicial Circuit Court of St. Louis County, Missouri, filing a Petition captioned *Westerfield v. Gov't Employees Ins. Co. et al*. A true and correct copy of all process, pleadings, orders, and documents on file in the state court proceeding, including a complete copy of the current state court docket sheet, are attached as **Exhibit A**.

4. The Petition purports to assert causes of action for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) unjust enrichment, and (4) civil conspiracy. **Ex. A**, Pet. ¶¶ 78–114. Plaintiff's claims are based on the contention that GEICO "obtains unverified information from third-party sources, treats that information as presumptively true, issues an automated 15-day negative option, and then unilaterally adds unrequested drivers if the insured does not respond in time." *Id.* ¶ 4. According to the Petition, "Plaintiff brings this action

individually and for all similarly situated insureds whose premiums were increased because GEICO added unrequested individuals to their policies through the [alleged policy]." *Id.* ¶ 6.

5. Specifically, Plaintiff seeks to assert claims on behalf of three classes: (1) a nationwide class of "[a]ll insureds in the United States who: (a) were insured by one or more of the GEICO entities who insured Plaintiff; (b) GEICO sent a document stating it would add a driver based on information obtained from a third-party source; and (c) paid an increased premium after the driver was added by GEICO without any action taken by the insured"; (2) a Missouri class of "[a]ll insureds who: (a) were insured by one or more of the GEICO entities who insured Plaintiff; (b) GEICO sent a document stating it would add a driver based on information obtained from a third-party source showing a Missouri address; and (c) who paid an increased premium after the driver was added by GEICO without any action taken by the insured"; and (3) a Missouri civil conspiracy class of "[a]ll insureds who: (a) GEICO sent a document stating it would add a driver based on information obtained from a third-party source showing a Missouri address; and (b) who paid an increased premium after the driver was added by GEICO without any action taken by the insured." *Id.* ¶ 70.

6. On behalf of himself and all members of each of the putative classes, Plaintiff seeks, among other things, actual damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs and expenses, and "such other legal and equitable relief as the Court may deem appropriate, including specific performance as an alternative to damages." *Id.*, Request for Relief.

7. GEICO denies that it engaged in any unlawful conduct or is liable to Plaintiff or any putative class member.

## II. TIMELINESS

8. The Summons and Petition were served on GEICO's registered agent on January 5, 2026. **Ex. A**, Aff. of Service. This Notice of Removal is filed within thirty (30) days of service, and therefore, removal of the action is timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

## III. JURISDICTION AND BASIS FOR REMOVAL

9. This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. § 1332(d). CAFA provides subject matter jurisdiction over a putative class action if: (a) there are no fewer than 100 members in the proposed class; (b) there is "minimal diversity," which means that at least one class member (named or unnamed) must be a citizen of a state that is different than the state of citizenship of any defendant; and (c) the case involves an aggregate amount in controversy greater than the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), (d)(6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

10. The requirements for jurisdiction under CAFA are satisfied here. This action is removable pursuant to 28 U.S.C. § 1441(a), in that this Court has original jurisdiction over the action, because the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which there is a complete diversity between the parties. *See* 28 U.S.C. § 1332(a); *see also* 28 U.S.C. §§ 1332(d)(2) & (d)(6). Furthermore, the number of putative class members is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

11. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Indeed, "CAFA's primary objective" is to "ensur[e] 'Federal court consideration of interstate cases of national importance.'" *Standard Fire*

*Ins. Co.*, 568 U.S. at 595 (quotation omitted); *see also Bell v. Hershey Co.*, 557 F.3d 953, 957 (8th Cir. 2009) (CAFA was enacted "to open the federal courts to corporate defendants out of concern that the national economy risked damage from a proliferation of meritless class action suits"). Consistent with these compelling federal interests, when, as GEICO does here, a party invokes a court's subject-matter jurisdiction under CAFA, a court must give strong preference to the resolution of interstate class actions in federal court. *Westerfeld v. Indep. Processing, LLC,* 621 F.3d 819, 822 (8th Cir. 2010) ("CAFA grants broad federal jurisdiction over class actions," and it has "'a strong preference that interstate class actions . . . be heard in a federal court.'") (quoting S. Rep. No. 109-14, at 43 (2005)).

## IV. THERE ARE MORE THAN 100 PUTATIVE CLASS MEMBERS, THUS SATISFYING CAFA'S NUMEROSITY REQUIREMENT

12. CAFA requires the aggregated number of members of all proposed classes in a complaint be at least 100. *See* 28 U.S.C. § 1332(d)(5)(B). A "'class' means all of the class members in a class action." *Id.* § 1332(d)(1)(A). "Class members," in turn, include all "persons (named or unnamed) who fall within the definition of the proposed or certified class[.]" *Id.* § 1332(d)(1)(D)).

13. Plaintiff seeks to bring his Petition on behalf of "[a]ll insureds in the United States who: (a) were insured by one or more of the GEICO entities who insured Plaintiff; (b) GEICO sent a document stating it would add a driver based on information obtained from a third-party source; and (c) paid an increased premium after the driver was added by GEICO without any action taken by the insured." **Ex. A**, Pet., ¶ 70.

14. As detailed in the accompanying declaration, in light of the number of putative class members identified in Missouri through GEICO's preliminary investigation, and the fact that Plaintiff purports to represent a nationwide class, CAFA's numerosity requirement of 100

individuals has plainly been satisfied. **Exhibit B,** Declaration of Allison Hoskins ("Hoskins Declaration") ¶ 3.

## V. THE PARTIES SATISFY CAFA'S DIVERSITY REQUIREMENT

15. CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A).

16. A person's citizenship "is determined by a person's physical presence in a state along with his intent to remain there indefinitely." *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005).

17. Plaintiff alleges he is a citizen of Missouri and that his primary residence is in St. Louis County, Missouri. **Ex. A**, Pet., ¶ 9. Plaintiff also seeks to bring his claim on behalf of "[a]ll insureds who: (a) GEICO sent a document stating it would add a driver based on information obtained from a third-party source showing a *Missouri address*; and (b) who paid an increased premium after the driver was added by GEICO without any action taken by the insured" *Id.* at ¶ 70 (emphasis added).

18. For diversity purposes, the citizenship of a corporation is "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The "principal place of business" means the corporate headquarters where a corporation's high-level officers direct, control, and coordinate its activities on a day-to-day basis, also known as the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93 (2010).

19. Each of the Defendants is, and ever since this action commenced has been, a Nebraska corporation with its principal place of business outside of Missouri. *See* **Ex. A.**, Pet. ¶¶ 13–18 (listing the principal place of business of all Defendants other than GEICO Marine Insurance

Company as Chevy Chase, Maryland) and ¶ 19 (listing GEICO Marine Insurance Company's principal place of business as Omaha, Nebraska).[1] GEICO is not now, and was not at the time of the filing of the Petition, a citizen of the State of Missouri, for purposes of 28 U.S.C. § 1332(c)(1).

20. Accordingly, because Plaintiff (along with individuals in Plaintiff's proposed Missouri subclass) is a citizen of a state different from any named defendant, CAFA's minimal diversity requirement has been satisfied.

## VI. THE CLAIMS SATISFY CAFA'S AMOUNT IN CONTROVERSY REQUIREMENT

21. CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). To determine whether the amount in controversy requirement is satisfied, a district court aggregates the claims of all named or unnamed persons who "fall within the definition of the proposed or certified class." *Standard Fire Ins. Co.*, 568 U.S. at 592 (quoting 28 U.S.C. § 1332(d)(1)(D)).

22. When, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart*, 574 U.S. at 84. When a defendant removes an action pursuant to CAFA, the "defendant's notice of removal need include only a ***plausible*** allegation that the amount in controversy exceeds the jurisdictional threshold" of $5,000,000. *Id.* at 89 (emphasis added). Indeed, "[t]he amount in controversy is simply an estimate of the total amount in dispute." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (quotation omitted).

23. GEICO's amount-in-controversy allegation "should be accepted when not contested by the plaintiff or questioned by the court." *Dart*, 574 U.S. at 87; *see also Pirozzi v.*

[1] GEICO Marine's principal place of business is Springfield, Virginia.

*Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019) (recognizing that amount-in-controversy allegations are "a pleading requirement, not a demand for proof").

24. If the allegation is called into question, "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 574 U.S. at 88. Critically, the relevant jurisdictional inquiry in determining amount in controversy "is not whether the damages ***are*** greater than the requisite amount, but whether a fact finder ***might*** legally conclude that they are." *Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018) (emphasis added) (quotation omitted). Put differently, GEICO "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it," nor is it required to provide a "formula or methodology for calculating the potential damages." *Raskas*, 719 F.3d at 887–88 (quotation omitted). Instead, GEICO can rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to establish the amount in controversy. *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017); *cf. Waters v. Home Depot USA, Inc.*, 446 F. Supp. 3d 484, 492 (E.D. Mo. Mar. 11, 2020) ("When the preponderance of evidence standard applies, 'the defendant's showing on the amount in controversy may rely on reasonable assumptions,' and there is no demand at the early stages of removal to conclusively establish damages.") (quotations omitted).

25. Once GEICO satisfies that burden, Plaintiff can defeat jurisdiction *only* if it "appear[s] to a *legal certainty* that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (emphasis added). Plaintiff must "establish that it is legally impossible to recover in excess of the jurisdictional minimum." *Bell*, 557 F.3d at 959. "Even if it is highly improbable that the Plaintiff[] will recover the amounts

Defendants have put into controversy, this does not meet the legally impossible standard." *Raskas*, 719 F.3d at 888.

26. Although GEICO denies *any* liability based on the claims sought in the Petition, denies that a class can be certified, denies that Plaintiff or any putative class member is entitled to the requested relief, and expressly reserves the right to challenge Plaintiff's allegations and claims on the merits, it is apparent that, as detailed in the accompanying declaration, the amount in controversy (as alleged here) exceeds $5,000,000.

27. On behalf of himself and the putative class, Plaintiff seeks, among other things, "actual damages." **Ex. A**, Pet., Prayer for Relief. While Plaintiff has not included a time period in his class definitions, the statute of limitations for each of Plaintiff's claims is five years. *Crest Constr. II, Inc. v. Hart*, 487 S.W.3d 85, 90 (Mo. Ct. App. 2016); *Scott v. King*, 510 S.W.3d 887, 893 (Mo. Ct. App. 2017).

28. As detailed in the accompanying declaration, which provides the numbers needed to perform the relevant calculation, multiplying (i) the number of putative Missouri class members identified through GEICO's preliminary investigation, by (ii) the number of states in which the relevant program is active (a conservative assumption given that the population of Missouri comprises less than 2% of the country's population and is dwarfed by the population of Florida, another state in which the subject program is active and in which a near-identical lawsuit is pending), by (iii) the amount that Mr. Westerfield was allegedly overcharged due to the "wrongfully added" driver on his policy, results in an amount in controversy that exceeds CAFA's $5 million threshold.[2] *See* Hoskins Decl. ¶¶ 5–7.

---

[2] Critically, many of the "added drivers" would not have been "wrongfully added" to the account holder's policy, as Plaintiff alleges. For example, many of the added drivers are children or other family members of the insured who reside at the policyholder's residence and who should have

29. Plaintiff is also expressly seeking attorneys' fees. *See* **Ex. A**, Pet., Prayer for Relief (seeking "reasonable attorney's fees and litigation costs and expenses"). Setting aside whether attorneys' fees are properly awardable based on Plaintiff's claims, which GEICO expressly reserves the right to contest, courts in the Eighth Circuit have held that attorneys' fees of 40% may be included in calculations of the amount in controversy in a putative class action. *See Basham v. Am. Nat'l Cnty. Mut. Ins. Co.*, 979 F. Supp. 2d 883, 890 (W.D. Ark. 2013), *appeal denied*, No. 13-8038 (8th Cir. Dec. 2, 2013); *Knowles v. Standard Fire Ins. Co.*, 2013 WL 3968490, at *6 (W.D. Ark. Aug. 2, 2013), *appeal denied*, No. 13-8027 (8th Cir. Sept. 11, 2013).

30. Based on the actual damage estimate detailed in the accompanying declaration, and using an even more conservative 30% attorneys' fees award, the total amount in controversy, including attorneys' fees, exceeds CAFA's threshold requirement of $5,000,000 by more than fifty percent. *See* Hoskins Decl. ¶ 8.

## VII. NO EXCEPTIONS TO CAFA JURISDICTION APPLY

31. Neither of CAFA's two principal jurisdictional exceptions—the home state exception and the local controversy exception—are applicable. The home state exception can only be invoked if all of the primary defendants are citizens of the state in which the action is brought. 28 U.S.C § 1332(d)(4)(B). The local controversy exception similarly can only be raised if there is an in-state defendant. 28 U.S.C § 1332(d)(4)(A). Here, none of the Defendants reside in the state of Missouri.

---

been, but were not, previously listed as a driver by the policyholder. Because the determination of whether a driver was "wrongfully added" is inherently factual and highly individualized, there will need to be mini-trials to establish potential liability with respect to each putative class member. While these issues will ultimately create uncurable class certification problems for Plaintiff, for purposes of calculating the relevant amount in dispute, GEICO assumes but does not concede that each driver was "wrongfully added," as Plaintiff alleges, and therefore that all subject policyholders would be included within the class and that amounts associated with these added drivers would be potentially recoverable.

## VIII. VENUE

32. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Eastern District of Missouri is the federal judicial district embracing the Twenty-First Judicial Circuit Court of St. Louis County, Missouri, where the state court action was originally filed.

## IX. COMPLIANCE WITH STATUTORY REQUIREMENTS

33. In accordance with 28 U.S.C. § 1446(b) and Local Rule 2.03, GEICO will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of St. Louis County, Missouri, which will be promptly served on Plaintiff's counsel through the Circuit Court's electronic filing system.

34. Defendants each consent to removal of this action to this Court, as evidenced by Defendants' submission of the Notice of Removal.

35. This Notice of Removal is signed pursuant to Rule 11. 28 U.S.C. § 1446(a).

36. Plaintiff requests a jury trial. *See* **Ex. A**, Pet., Demand for Jury Trial.

## X. RESERVATION OF RIGHTS

37. By this Notice of Removal, GEICO does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses or objections it may have in this action. GEICO intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas.

## CONCLUSION

WHEREFORE, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2)(A), and GEICO removes this action from the Twenty-First Judicial Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri, as an action properly removed under 28 U.S.C. §§ 1441, 1446, and 1453.

Date: February 4, 2026

Respectfully submitted,


**HEPLERBROOM LLC**

*By: /s/* W. Jason Rankin
W. Jason Rankin, #62672MO
Charles N. Insler, #58623MO
Emilee M. Bramstedt, #71802MO
130 N. Main Street
P.O. Box 510
Edwardsville, IL 62025
(618) 656-0184
WJR@heplerbroom.com
CNI@heplerbroom.com
EMB@heplerbroom.com

George E. Mastoris
(*pro hac vice forthcoming*)
Adam P. Moskowitz
(*pro hac vice forthcoming*)
**WINSTON & STRAWN LLP**
200 Park Ave.
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
gmastoris@winston.com
apmoskowitz@winston.com

Samantha Lerner
(*pro hac vice forthcoming*)
**WINSTON & STRAWN LLP**
300 N. LaSalle Drive
Chicago, IL 60654
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
slerner@winston.com

***Counsel for Defendants***
***Government Employees Insurance Company,***
***GEICO General Insurance Company,***
***GEICO Indemnity Company,***
***GEICO Casualty Company,***
***GEICO Choice Insurance Company,***
***GEICO Secure Insurance Company,***
***GEICO Advantage Insurance Company, and***
***GEICO Marine Insurance Company***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 4, 2026 a copy of the foregoing was served upon the following counsel of record via electronic mail:

Martin L. Daesch
Jesse B. Rochman
Craig W. Richards
Kaitlin A. Carpenter
**ONDERLAW, LLC**
110 E. Lockwood Ave.,
St. Louis, MO 63119
314-963-6000
daesch@onderlaw.com
rochman@onderlaw.com
richards@onderlaw.com
carpenter@onderlaw.com

***Attorneys for Plaintiff***

/s/ W. Jason Rankin