# Exhibit A

| **Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ⌄

### 01/09/2026

**Affidavit Filed**

Affidavit of Service - Geico Secure Insurance Co.
    **Filed By:** JESSE B ROCHMAN
    **On Behalf Of:** ERIC WESTERFIELD

**Affidavit Filed**

Affidavit of Service - Geico Indemnity Co.
    **Filed By:** JESSE B ROCHMAN
    **On Behalf Of:** ERIC WESTERFIELD

**Affidavit Filed**

Affidavit of Service - Geico General Insurance Co.
    **Filed By:** JESSE B ROCHMAN
    **On Behalf Of:** ERIC WESTERFIELD

**Affidavit Filed**

Affidavit of Service - Geico Choice Insurance Co.
    **Filed By:** JESSE B ROCHMAN
    **On Behalf Of:** ERIC WESTERFIELD

**Affidavit Filed**

Affidavit of Service - Geico Casualty Company.
    **Filed By:** JESSE B ROCHMAN
    **On Behalf Of:** ERIC WESTERFIELD

### 01/06/2026

**Affidavit Filed**

Affidavit of Service - Government Employees Insurance Company.
    **Filed By:** JESSE B ROCHMAN
    **On Behalf Of:** ERIC WESTERFIELD

**Affidavit Filed**

Affidavit of Service - Geico Advantage Insurance Company.
    **Filed By:** JESSE B ROCHMAN
    **On Behalf Of:** ERIC WESTERFIELD

**Affidavit Filed**

Affidavit of Service - Geico Marine Insurance Company.
    **Filed By:** JESSE B ROCHMAN
    **On Behalf Of:** ERIC WESTERFIELD

**Agent Served**

Document ID - 25-SMCC-21120; Served To - GOVERNMENT EMPLOYEES INSURANCE COMPANY; Served Date - 01/05/2026; Served Time - 00:00:00; Service Type - SP; Reason Description - SERV; Service Text -

**Agent Served**

Document ID - 25-SMCC-21114; Served To - GEICO ADVANTAGE INSURANCE COMPANY; Served Date - 01/05/2026; Served Time - 00:00:00; Service Type - SP; Reason Description - SERV; Service Text -

**Agent Served**

Document ID - 25-SMCC-21113; Served To - GEICO MARINE INSURANCE COMPANY; Served Date - 01/05/2026; Served Time - 00:00:00; Service Type - SP; Reason Description - SERV; Service Text -

### 12/30/2025

**Summons Issued-Circuit**

Document ID: 25-SMCC-21120, for GOVERNMENT EMPLOYEES INSURANCE COMPANY Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**

Document ID: 25-SMCC-21119, for GEICO GENERAL INSURANCE COMPANY Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**

Document ID: 25-SMCC-21118, for GEICO INDEMNITY COMPANY Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**

Document ID: 25-SMCC-21117, for GEICO CASUALTY COMPANY Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**

Document ID: 25-SMCC-21116, for GEICO CHOICE INSURANCE COMPANY Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**

Document ID: 25-SMCC-21115, for GEICO SECURE INSURANCE COMPANY Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**

Document ID: 25-SMCC-21114, for GEICO ADVANTAGE INSURANCE COMPANY Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**

Document ID: 25-SMCC-21113, for GEICO MARINE INSURANCE COMPANY Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**12/16/2025**

**Motion Special Process Server**

Request for Appointment of Process Server.

    **Filed By:** JESSE B ROCHMAN

**Memorandum Filed**

Memorandum to Issue Summons.

    **Filed By:** JESSE B ROCHMAN

**12/09/2025**

**Judge Assigned**

DIV 1

**Filing Info Sheet eFiling**


    **Filed By:** JESSE B ROCHMAN

**Pet Filed in Circuit Ct**

Petition; Ex. 1 - GEICO Advantage 10.15.24; Ex. 2 - GEICO Casualty 2.2.24; Ex. 3 - Geico Choice 2.2.24; Ex. 4 - GEICO General 2.5.24; Ex. 5 - GEICO Indemnity 2.2.24; Ex. 6 - GEICO Marine 10.15.24; Ex. 7 - GEICO Secure 2.2.24; Ex. 8 - Government Employees 2.5.24; Ex. 9 - Phantom Driver Notice; Ex. 10 - Phantom Driver Notice.

    **Filed By:** JESSE B ROCHMAN

    **On Behalf Of:** ERIC WESTERFIELD

**TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI**

Eric Westerfield,

    Plaintiff,

v.

Government Employees Insurance Company,
GEICO General Insurance Company,
GEICO Indemnity Company,
GEICO Casualty Company,
GEICO Choice Insurance Company,
GEICO Secure Insurance Company,
GEICO Advantage Insurance Company, and
GEICO Marine Insurance Company,

    Defendants.

Case No.

**Serve All Defendants at:**
C T CORPORATION SYSTEM
5661 Telegraph Rd Ste 4B
Saint Louis, MO 63129-4275

## Petition

    Plaintiff, Eric Westerfield ("Plaintiff"), individually and for all others similarly situated individuals, files this Petition against Government Employees Insurance Company ("Government Employees"), GEICO General Insurance Company ("GEICO General"), GEICO Indemnity Company ("GEICO Indemnity"), GEICO Casualty Company ("GEICO Casualty"), GEICO Choice Insurance Company ("GEICO Choice"), GEICO Secure Insurance Company ("GEICO Secure"), GEICO Advantage Insurance Company ("GEICO Advantage"), and GEICO Marine Insurance Company ("GEICO Marine") (collectively, "GEICO"):

Electronically Filed - St Louis County - December 09, 2025 - 09:42 AM

## Nature of the Action

1.      This class action challenges a practice no reasonable insured would accept: GEICO added a stranger to Plaintiff's policy based on unverified third-party data—and then treated silence as consent. No verification. No permission. Just an inflated premium for fabricated risk. To systematize this misconduct, GEICO uses a "SCAM"—a Silence-Constructed Addition Mechanism—through which GEICO unilaterally adds unrequested "drivers" and charges higher premiums unless the insured notices it and takes action to stop it.

2.      GEICO policies permit premium adjustments only when information is "incorrect, incomplete or changed." *See*, *e.g.*, Exhibits 1–8 ("Policy" or "Policies"). No GEICO policy, including the Policies, allows GEICO to make up facts, inflate risk, or manufacture consent through silence. Nor do they authorize the addition of unrequested individuals in direct conflict with the Policies' "Persons Insured" clause, which requires express or implied permission for someone to be a covered driver.

3.      The SCAM breaches the contract. It violates the covenant of good faith and fair dealing. It unjustly enriches GEICO.

4.      Under the SCAM, GEICO obtains unverified information from third-party sources, treats that information as presumptively true, issues an automated 15-day negative option, and then unilaterally adds unrequested drivers if the insured does not respond in time. This results in unauthorized premium increases and coverage distortions across thousands of policies.

5.      This lawsuit seeks recovery for all victims of the SCAM and related unfair and deceptive practices.

6.      Plaintiff brings this action individually and for all similarly situated insureds whose premiums were increased because GEICO added unrequested individuals to their policies through the SCAM.

## Jurisdiction and Venue

7.      This is a civil action, so this Court has jurisdiction.

8.      Venue is proper in this Court because all defendants are foreign insurance companies deemed to reside in, and a resident of, St. Louis County, Missouri, which is where their registered office is maintained.

## The Parties

9.      Plaintiff is a citizen of Missouri, and, at all relevant times, was a named insured under one or more automobile insurance policies issued by one or more GEICO-branded underwriting companies. Plaintiff purchased private-passenger automobile insurance for personal, family, or household use.

### *Government Employees*

10.     Government Employees is a Nebraska corporation with its principal office located at 5260 Western Avenue, Chevy Chase, Maryland 20815-3701, according to Missouri Secretary of State records.

11.     Government Employees is the lead company of the GEICO insurance enterprise and is one of Berkshire Hathaway's three principal insurance underwriting groups. Government Employees controls, oversees, and directs most or all GEICO-branded underwriting companies, including form filings, rating, claims handling, driver-matching practices, and policy-administration systems.

*12.*     Government Employees' principal business is the sale of private-passenger automobile insurance nationwide, including in Missouri. Berkshire Hathaway states that the GEICO-branded underwriting companies collectively sell private-passenger auto insurance to individuals in all 50 states and the District of Columbia.

### *GEICO-Branded Underwriting Companies*<br>*(Operating as a Unified Enterprise)*

13.     **GEICO General** is a Nebraska corporation with its principal office located at 5260 Western Avenue, Chevy Chase, Maryland 20815-3701. GEICO General is a major GEICO underwriting company within the GEICO enterprise. GEICO General is authorized to write, and actively writes, private-passenger automobile insurance in Missouri and elsewhere, using GEICO's centralized policy forms and systems.

14.     **GEICO Indemnity** is a Nebraska corporation with its principal office located at 5260 Western Avenue, Chevy Chase, Maryland 20815-3701. GEICO Indemnity is a major GEICO underwriting company within the GEICO enterprise. GEICO Indemnity is authorized to write, and actively writes, private-passenger automobile insurance in Missouri and elsewhere, using GEICO's centralized policy forms and systems.

15.     **GEICO Casualty** is a Nebraska corporation with its principal office located at 5260 Western Avenue, Chevy Chase, Maryland 20815-3701. GEICO Casualty is a major GEICO underwriting company within the GEICO enterprise. GEICO Casualty is authorized to write, and actively writes, private-passenger automobile insurance in Missouri and elsewhere, using GEICO's centralized policy forms and systems.

16.     **GEICO Choice** is a Nebraska corporation with its principal office at 5260 Western Avenue, Chevy Chase, Maryland 20815-3701. GEICO Choice is a major GEICO underwriting company within the GEICO enterprise. GEICO Choice is authorized to write, and actively writes, private-passenger automobile insurance in Missouri and elsewhere, using GEICO's centralized policy forms and systems.

17.     **GEICO Advantage** is a Nebraska corporation with its principal office at 5260 Western Avenue, Chevy Chase, Maryland 20815-3701. GEICO Advantage is a major GEICO underwriting company within the GEICO enterprise. GEICO Advantage is authorized to write, and actively writes, private-passenger automobile insurance in Missouri and elsewhere, using GEICO's centralized policy forms and systems.

18.     **GEICO Secure** is a Nebraska corporation with its principal office at 5260 Western Avenue, Chevy Chase, Maryland 20815-3701. GEICO Secure is a major GEICO underwriting company within the GEICO enterprise. GEICO Secure is authorized to write, and actively writes, private-passenger automobile insurance in Missouri and elsewhere, using GEICO's centralized policy forms and systems.

19.     **GEICO Marine** is a Nebraska corporation with its principal office at 1440 Kiewit Plaza, Omaha, NE 68131. GEICO Marine is a major GEICO underwriting company within the GEICO enterprise. GEICO Marine primarily writes marine risks nationwide but is authorized to write, and actively writes, private-passenger automobile insurance in Missouri and elsewhere, using GEICO's centralized policy forms and systems.

### *Enterprise-Unity and Common-Systems*

20.     All GEICO entities have unified headquarters oversight and corporate control.

21.     GEICO's enterprise unity is confirmed by Berkshire Hathaway Inc.'s 10-K, which states GEICO operates through Government Employees and several other insurance entities as part of a single reporting segment.

22.     GEICO-branded underwriting companies use centralized systems for these, among others:

    a.   household-driver matching and driver-data acquisition;

    b.   LexisNexis and third-party consumer-reporting inquiries;

    c.   underwriting rules, policy issuance, and rating;

    d.   claims handling; and

    e.   direct-response marketing and online policy administration.

23.     These unified systems and practices result in identical policy forms and identical operational practices across all GEICO entities, including the automatic addition of drivers based on third-party data.

### *Organizational Structure*

24.     GEICO is one of Berkshire Hathaway's three major insurance underwriting groups.

25.     GEICO operates through Government Employees and "several other insurance entities," which are the GEICO-branded underwriting companies described above.

26.     GEICO's principal business—and the principal business of each GEICO-branded underwriting company—is the sale of private-passenger automobile insurance in all 50 states and the District of Columbia, including Missouri.

27.     GEICO's marketing, underwriting, driver-data collection, and claims administration are conducted through unified nationwide systems, giving rise to consistent practices across all GEICO-branded underwriting companies.

28.     GEICO's organizational structure is depicted below:



## Factual Allegations

29.     Plaintiff was a named insured under one or more automobile insurance policies issued by one or more GEICO-branded underwriting companies.

30.     While Plaintiff was insured by one or more GEICO-branded underwriting companies, GEICO purportedly sent an email and/or letter speculating someone not listed on the policy as a named insured or additional driver "**may** be a licensed or permitted driver with your address listed as their primary address." *See, e.g.*, **Exhibits 9 and 10** ("SCAM Threat").[1]

31.     GEICO did no more work to vet the phantom driver identified in the SCAM Threat. Instead, it added a stranger to Plaintiff's policy because no one responded to GEICO within 15 days of it being sent.

---

[1] "SCAM Threat" refers to any record or communication stating that GEICO will automatically add a driver to the policy—based on unverified third-party information—unless the insured acts within a fixed number of days. It includes, without limitation, communications like Exhibits 9 and 10. No GEICO policy, including the Policies, mentions SCAM Threats or authorizes GEICO to use them.

32.     Plaintiff did not (and does not) know the driver identified in the SCAM Threat, and no one by that name resides with Plaintiff.

33.     The SCAM Threat informed Plaintiff that the phantom driver would be added to the policy automatically within fifteen days if no action were taken.

34.     Although the SCAM Threat says GEICO relied on "information obtained from a consumer reporting agency," GEICO did not provide the underlying data, did not identify the consumer reporting agency used, and did not disclose the basis for the apparent address match. GEICO did not explain how it concluded that these individuals were associated with Plaintiff's household, nor did it disclose the reliability, limitations, or known inaccuracy rates of the data it relied upon.

35.     Subsequently, GEICO informed Plaintiff the phantom driver was added to the policy as a covered driver "per your request" despite Plaintiff never requesting the driver be added. *See* Ex. 10.

36.     This resulted in an increase to the policy premium, which was paid at a wrongly inflated amount.

37.     Upon information and belief, GEICO conducted no investigation whatsoever to determine whether the individuals it added actually resided in Plaintiff's household, had any connection to the insured vehicles, and/or were insured elsewhere.

38.     Upon information and belief, GEICO's process for disputing these additions was not as simple as Exhibits 9–10 implied. GEICO routinely refused to remove individuals based solely on the insured's truthful statement that the person did not reside in the household and/or was insured elsewhere. GEICO instead required documentation or third-party verification—requirements not disclosed in Exhibits 9–10, not required by the Policy, and often difficult or impossible for insureds to obtain—making it difficult or impossible for insureds to disprove GEICO's unverified assumptions.

39.     Upon information and belief, GEICO did not verify residency, did not contact the individuals, and did not compare its data to any other source.

40.     Upon information and belief, although GEICO says that it used information from a consumer reporting agency, GEICO relied exclusively on unverified third-party commercial address-matching databases and performed no independent verification of any kind. The

underlying information was not provided to insureds and could not be accessed, reviewed, or meaningfully challenged.

41.     Nothing in the Policies authorize GEICO to add unrequested drivers—and certainly not to add drivers based solely on unverified address-matching information from a third-party source or to treat an insured's silence as consent. The Policies are silent on any 15-day email warning procedure or SCAM Threat, and no such mechanism appears anywhere in any GEICO policy, including the Policies. Where the Policies speak, they contradict GEICO's conduct: the "Persons Insured" clause limits coverage to individuals using the vehicle with the insured's express or implied permission, which excludes strangers whose residency was never verified.

42.     GEICO's invocation of the Policies' "duty to cooperate" does not permit the presumption that unverified data is correct. The duty to cooperate requires mutual communication, not unilateral acceptance of fabricated information. The Policies provide no consequence—let alone authorization for premium increases or driver additions—based on an alleged failure to cooperate.

43.     If Plaintiff and the Classes (defined below) failed to cooperate (they didn't), GEICO's only potential options were to cancel or not to renew the policy. Even then, GEICO owed 45 days prior written notice "mailed by United States Post Office certificate of mailing," instead of the 15-day SCAM Threat GEICO used before it unilaterally hiked Plaintiff's and the Classes' insurance premiums. But what GEICO cannot do under its policies, including the Policies, is create new household risk assumptions, fabricate drivers, and charge the insured more money based on silence. That consequence isn't in the GEICO policies, including the Policies.

44.     The Policies specify mailed notice sent through the U.S. Postal Service for adverse actions, including cancellation or non-renewal, and requires 45 days' advance notice. GEICO circumvented this safeguard by issuing only a 15-day SCAM Threat—a process that appears nowhere in the Policies and contradicts its express mailing requirements.

45.     General insurance law requires insurers to base premiums on accurate and verified information and prohibits charging for risks that do not actually exist. By adding unrequested drivers as "rated drivers," GEICO charged Plaintiff and the Classes inflated premiums for nonexistent risks and for persons who posed no underwriting exposure under GEICO policies, including the Policies.

46.     Upon information and belief, GEICO did not confirm whether the individuals identified in the SCAM Threat had any connection to Plaintiff's household or vehicles, whether they were insured elsewhere, or whether they posed any actual underwriting risk. GEICO increased premiums based solely on the unverified assumption that these individuals resided in Plaintiff's home, without investigating or attempting to determine whether that assumption was correct.

47.     GEICO issued Plaintiff and the putative class members substantially similar insurance policies.

48.     The policies issued by GEICO to Plaintiff and all putative class members are virtually identical in all material aspects. The terms in the policies relevant here are applicable and like the terms applicable to Plaintiff and all putative class members.

49.     Like Plaintiff, the putative class members were insureds on a GEICO automobile insurance policy and had drivers added to their policies without the policyholders taking any action.

50.     Plaintiff and the putative class members were improperly charged more than they owed due to GEICO's addition of unrequested drivers to their insurance policies.

51.     Class members continued to make payments on their policies despite being charged an improperly inflated amount.

52.     Upon information and belief, GEICO has retained the full payment amounts.

53.     GEICO raised Plaintiff's and the Classes' insurance premiums to increase its profits while offering them no additional benefits.

54.     Plaintiff and the Classes reasonably expected only individuals they authorized—or who at least lived in their home, drove the vehicle, and were not insured elsewhere—would be listed on their insurance policies.

55.     GEICO's actions thwarted Plaintiff's and the Classes' reasonable expectation that their premiums would only be increased for actual changes to verified information—not speculative data misinterpreted or misapplied behind the scenes. GEICO's actions disappointed the reasonable expectations of Plaintiff and the Classes and constituted a conscious and deliberate attempt to profit from information it knew might be false.

56.     Because Missouri and all other states require continuous auto insurance coverage, Plaintiff and the putative class members had no practical choice but to pay the inflated premium

to avoid suspension of their driver's license and vehicle registration and substantial reinstatement fees. These payments were therefore not voluntary in any meaningful legal sense.

57.     GEICO used a substantially same automated negative-option SCAM process for all putative class members, relying on substantially same third-party data sources, substantially same unverified matching logic, and substantially undisclosed documentation requirements when insureds attempted to dispute the additions.[2]

## SCAM Threats

58.     The SCAM Threats at the center of this case are sent by "GEICO Underwriting," not by any one GEICO-branded underwriting company. The SCAM Threats do not identify a particular underwriting company as the sender. Instead, GEICO uses a centralized underwriting department to issue its SCAM Threats on behalf of all GEICO-branded underwriting companies.

59.     The SCAM Threats display multiple GEICO underwriting companies simultaneously on the same letterhead—including Government Employees, GEICO General, and GEICO Indemnity—confirming that GEICO uses shared templates, shared systems, and shared administrative platforms for all GEICO-branded insurance companies. This is so even when the private-passenger automobile insurance is written by a GEICO entity different from Government Employees, GEICO General, or GEICO Indemnity.

60.     The SCAM Threats also use GEICO's centralized processing addresses, including One GEICO Center, Macon, Georgia 31295 and One GEICO Plaza, Washington, D.C. 20076, which GEICO uses for all GEICO-branded underwriting companies. This demonstrates common administrative operations, common mail-processing centers, and enterprise-wide systems.

61.     GEICO's email version of the SCAM Threat likewise identifies the sender simply as "GEICO Underwriting" and confirms that "Auto coverage is underwritten by Government Employees Insurance Company," reinforcing that GEICO markets, communicates, and administers policies as a unified enterprise, not as distinct companies with independent systems.

62.     The SCAM Threats inform consumers that unless they respond within 15 days, GEICO Underwriting will automatically add the purported driver to the policy and increase the

---

[2] Automatic "negative option" practices—where consumers are penalized unless they affirmatively opt out—are inherently suspect and violate state and federal laws and regulations.

premium. GEICO uses this uniform 15-day automatic-addition process across all GEICO-branded underwriting companies, confirming a centralized system that operates at the enterprise level.

63.     The SCAM Threats reflect and confirm enterprise unity, common ownership, shared systems, common underwriting processes, and uniform business practices across GEICO.

64.     Each GEICO entity sends or participates in the sending of these SCAM Threats through GEICO's centralized underwriting systems, and each GEICO entity increases premiums through the same shared SCAM workflow.

65.     The SCAM Threats are opaque, manipulative, and profit driven.

66.     The GEICO entities, after a meeting of the minds, had an unlawful objective and committed wrongful acts in furtherance of a conspiracy that damaged Plaintiff and the Missouri Conspiracy Class (defined below).

67.     The GEICO entities associated for the purpose of causing or inducing a breach of contract and breach of the covenant of good faith and fair dealing of Plaintiff's and the Missouri Conspiracy Class's auto policies.

68.     The GEICO entities associated for the purpose of causing unjust enrichment by inappropriately adding individuals to Plaintiff's and Missouri Conspiracy Class's policies that should not have been added.

69.     GEICO is jointly and severally liable for the underlying acts alleged in this petition.

## Class Allegations

70.     Plaintiff brings this action individually and as a class action pursuant to the provisions of Rule 52.08(a), (b)(2), and (b)(3) of the Missouri Rules of Civil Procedure for these classes ("Classes"):

### Nationwide Class

All insureds in the United States who: (a) were insured by one or more of the GEICO entities who insured Plaintiff; (b) GEICO sent a document stating it would add a driver based on information obtained from a third-party source; and (c) paid an increased premium after the driver was added by GEICO without any action taken by the insured.

### Missouri Class

All insureds who: (a) were insured by one or more of the GEICO entities who insured Plaintiff; (b) GEICO sent a document stating it would add a driver based on information obtained

from a third-party source showing a Missouri address; and (c) who paid an increased premium after the driver was added by GEICO without any action taken by the insured.

### *Missouri Civil Conspiracy Class*

All insureds who: (a) GEICO sent a document stating it would add a driver based on information obtained from a third-party source showing a Missouri address; and (b) who paid an increased premium after the driver was added by GEICO without any action taken by the insured.

71.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claim on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

72.     This action has been brought and may be properly maintained for each of the Classes proposed herein under Missouri Rules of Civil Procedure 52.08.

### *Numerosity*

73.     Missouri Rule of Civil Procedure 52.08(a)(1): The Classes are so numerous their individual joinder is impracticable. Plaintiff is informed and believe there are hundreds, and likely thousands, of class members based on the size of the market for automobile insurance and GEICO's share of that market, but the precise number of class members is unknown to Plaintiff.

### *Commonality and Predominance*

74.     Missouri Rule of Civil Procedure 52.08(a)(2) and (b)(3): This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a.      Whether GEICO engaged in the alleged conduct;

b.      Whether GEICO's conduct violates its policies, including the Policies;

c.      Whether GEICO's conduct violates consumer protection statutes and other laws;

d.      Whether GEICO breached its duty of good faith and fair dealing;

e.      Whether Plaintiff and other class members are entitled to equitable relief; and

f.      Whether Plaintiff and other class members are entitled to damages and other monetary relief and, if so, in what amount.

### *Typicality*

75.     Missouri Rule of Civil Procedure 52.08(a)(3): Plaintiff's claims are typical of the other class member's claims because, among other things, all class members were comparably injured through GEICO's wrongful conduct, and their claims are all based on this conduct.

*Adequacy*

76.     Missouri Rule of Civil Procedure 52.08(a)(4): Plaintiff is an adequate class representative because Plaintiff's interests do not conflict with the interests of the other members of the Classes Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously. The Classes' interests will be fairly and adequately pursued by Plaintiff and undersigned counsel.

*Superiority*

77.     Missouri Rule of Civil Procedure 52.08(b)(3): A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against GEICO, so it would be impracticable for members of the Classes to individually seek redress for GEICO's wrongful conduct. Even if class members could afford individual litigation, the court system could not. Individualized litigation creates potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

<u>COUNT I</u>
**Breach of Contract**
**(Plaintiff, Nationwide Class, and Missouri Class)**

78.     Plaintiff repeats and realleges all preceding paragraphs.

79.     Plaintiff, the Nationwide Class, and Missouri Class purchased insurance from GEICO.

80.     GEICO promised to provide coverage to Plaintiff, the Nationwide Class, and Missouri Class.

81.     GEICO policies, including the Policies, only allow premium adjustments. They never say GEICO may add new drivers unilaterally based on third-party data. GEICO's automatic addition of drivers with no action from Plaintiff or any member of the Classes breaches the contract.

82.     The "Persons Insured" provision in the GEICO policies, including the Policies, expressly limit liability coverage to drivers who use the vehicle with the insured's "express or implied permission." GEICO's conduct—automatically adding unrequested drivers without confirming use or consent—violates this express limitation and impermissibly broadens insureds beyond the policy's terms.

83.     The "Changes" provision in the GEICO policies, including the Policies, allows premium adjustments—not the addition of drivers—when the underlying information is ***actually*** incorrect, incomplete, or changed. Adding unrequested drivers based on unverified, third-party data was neither an adjustment for "changed" information nor a correction of "incomplete" or "incorrect" data.

84.     Nothing in Plaintiff's, the Nationwide Class's, and Missouri Class's insurance policies authorize GEICO to unilaterally add individuals—particularly strangers—to insureds' policies—and certainly not based solely on unverified third-party data. Nor do the policies authorize GEICO to treat silence or non-response as acceptance of new drivers, new risks, or increased premiums. The Policies expressly limit insureds to persons using the vehicle with the insured's "express or implied permission," which excludes strangers that GEICO never verified.

85.     GEICO further breached the auto policies by imposing undocumented verification requirements not contained in the auto policies and refused to remove added individuals unless insureds provided evidence that was not "simple" to obtain.

86.     GEICO had no contractual basis to "adjust" the premium upward.

87.     GEICO breached the contract by wrongfully adding drivers to Plaintiff's, the Nationwide Class's, and Missouri Class's insurance policies.

88.     As a result of GEICO wrongfully adding drivers to Plaintiff's, the Nationwide Class's, and Missouri Class's insurance policies, their premiums were increased.

89.     Plaintiff, the Nationwide Class, and Missouri Class were damaged by paying more than what they owed under their policies.

90.     Plaintiff, the Nationwide Class, and Missouri Class never agreed—expressly or impliedly—to insure unknown individuals, never consented to expand the insured household, and never accepted any alteration to the rated drivers on their policies. GEICO's conduct materially breached the contracts by imposing obligations and financial charges not found anywhere in the policies.

<u>COUNT II</u>
**Breach of the Covenant of Good Faith and Fair Dealing**
**(Plaintiff, Nationwide Class, and Missouri Class)**

91.     Plaintiff repeats and realleges all preceding paragraphs.

92.     Implicit in the dealings, agreements, and understandings between Plaintiff, the Nationwide Class, Missouri Class, and GEICO are covenants of good faith and fair dealing.

93.     GEICO breached the implied covenant of good faith and fair dealing between the parties by wrongfully adding drivers to Plaintiff's, the Nationwide Class's, and Missouri Class's insurance policies, which increased their premiums.

94.     GEICO's manipulation of its "premium adjustment" provision frustrated the common purpose of the auto policies, which is to ensure premiums reflect actual, verified changes in risk. Instead of verifying changes, GEICO used opaque algorithms and unverified third-party data to fabricate risk and shift the burden of disproving that false information onto Plaintiff, the Nationwide Class, and Missouri Class within an undisclosed 15-day email window. Such conduct exceeds any discretion GEICO has under its policies, including the Policies, and constitutes a deliberate attempt to profit from misinformation.

95.     Said breaches by GEICO were not prompted by honest mistakes, bad judgment, or negligence, but rather by conscious and deliberate acts which unfairly frustrate the agreed common purpose and disappoint the reasonable expectations of Plaintiff, the Nationwide Class, and Missouri Class that no unrequested drivers would be added to their insurance policies.

96.     GEICO's breach has wrongfully increased Plaintiff's, the Nationwide Class's, and Missouri Class's insurance premiums.

97.     GEICO knowingly failed to resolve or rectify the above breaches, which could only be accomplished by GEICO.

98.     GEICO acted in a way to promote its own self-interest in the form of increased premiums in lieu of its duty to act in good faith.

99.     At all times material, there existed an implied agreement between the parties that GEICO would act in an appropriate and commercially reasonable manner and to act in good faith and fair dealing in the performance of the contract.

100.     Plaintiff, the Nationwide Class, and Missouri Class have been damaged by the breach of GEICO's covenant of good faith and fair dealing by wrongfully increasing Plaintiff's,

15

the Nationwide Class's, and Missouri Class's insurance premiums, thereby causing significant damage to Plaintiff, the Nationwide Class, and Missouri Class.

<u>COUNT III</u>
**Unjust Enrichment**
**(Plaintiff, Nationwide Class, and Missouri Class)**

101.    Plaintiff repeats and realleges all preceding paragraphs.

102.    Plaintiff, the Nationwide Class, and Missouri Class bring a common law claim of unjust enrichment against GEICO for the disgorgement of monies paid to provide insurance coverage to unrequested drivers added to their policies.

103.    GEICO inappropriately added individuals to Plaintiff's, the Nationwide Class's, and Missouri Class's policies that should not have been added.

104.    Even if GEICO's policies govern aspects of the parties' relationship, GEICO's conduct fell outside the four corners of the contract. Nowhere do the policies authorize GEICO to fabricate driver relationships, adjust premiums based on unverified data, or penalize insureds for failing to respond to an unexpected email or letter. Because GEICO's enrichment was obtained outside the scope of the policies, restitution is appropriate.

105.    As a result of GEICO wrongfully adding drivers to Plaintiff's, the Nationwide Class's, and Missouri Class's insurance policies, Plaintiff's, the Nationwide Class's, and Missouri Class's premiums increased.

106.    GEICO was unjustly enriched by receiving these increased premiums from Plaintiff, the Nationwide Class, and Missouri Class.

107.    Plaintiff, the Nationwide Class, and Missouri Class are entitled to restitution of the amount of the increased premium paid to or retained by GEICO, as GEICO is not entitled to keep these ill-gotten gains.

108.    In equity and in good conscious, GEICO is obligated to provide Plaintiff, the Nationwide Class, and Missouri Class restitution of the increased premium collected and/or retained by GEICO.

**COUNT IV**
**Civil Conspiracy**
**(Plaintiff and Missouri Conspiracy Class)**

109.     Plaintiff repeats and realleges all preceding paragraphs.

110.     Plaintiff brings this Count individually and for the Missouri Conspiracy Class.

111.     The GEICO entities, after a meeting of the minds, had an unlawful objective and committed wrongful acts in furtherance of a conspiracy that damaged Plaintiff and the Missouri Conspiracy Class.

112.     The GEICO entities associated for the purpose of causing or inducing a breach of contract, breach of the covenant of good faith and fair dealing on Plaintiff's and the Missouri Conspiracy Class's auto policies.

113.     The GEICO entities associated for the purpose of causing unjust enrichment by inappropriately adding individuals to Plaintiff's and Missouri Conspiracy Class's policies that should not have been added.

114.     GEICO is jointly and severally liable for the underlying acts alleged in this petition.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff and members of the Classes demand a jury trial on all claims so triable and judgment as follows:

a)   determine that this action may be maintained as a class action under Missouri Rule of Civil Procedure 52.08, certify the proposed Classes for class treatment, appoint Plaintiff as class representative for the Classes, and appoint undersigned counsel as Class Counsel;

b)   enter an order finding that GEICO's actions constitute breaches of the express terms of its insurance policies, as well as its duty of good faith and fair dealing;

c)   award Plaintiff and members of the Classes actual damages;

d)   award pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

e)   award reasonable attorney's fees and litigation costs and expenses pursuant to applicable law; and

f)   grant such other legal and equitable relief as the Court may deem appropriate, including specific performance as an alternative to damages.

**ONDERLAW, LLC**

By:  /s/ Jesse B. Rochman
      Martin L. Daesch, #40494
      Jesse B. Rochman, #60712
      Craig W. Richards, #67262
      Kaitlin A. Carpenter, #74599
      110 E. Lockwood Ave.
      St. Louis, MO 63119
      (314) 963-9000 (telephone)
      (314) 963-1700 (facsimile)
      daesch@onderlaw.com
      rochman@onderlaw.com
      richards@onderlaw.com
      carpenter@onderlaw.com
      *Attorneys for Plaintiff*

Electronically Filed - ST LOUIS COUNTY - December 16, 2025 - 01:20 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri



┌                                            ┐
                                    For File Stamp Only

 Eric Westerfield
Plaintiff/Petitioner                December 16, 2025
                                    Date

vs.                                  25SL-CC14196
                                    Case Number

 Government Employees Insurance Co., et al    Division
Defendant/Respondent

└                                            ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ____Plaintiff_____, pursuant
                        Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
Dan West                 8235 Forsyth Blvd., St. Louis, MO 63105   314-392-3205
Name of Process Server          Address                                    Telephone
Sentoria Davidson        8235 Forsyth Blvd., St. Louis, MO 63105   314-392-3205
Name of Process Server          Address or in the Alternative              Telephone
Evan Lillick             8235 Forsyth Blvd., St. Louis, MO 63105   314-392-3205
Name of Process Server          Address or in the Alternative              Telephone
Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                  SERVE:
 ALL DEFENDANTS
Name                                    Name
 CT Corporation, 5661 Telegraph Rd, Ste 4B
Address                                 Address
 St. Louis, MO 63129-4275
City/State/Zip                          City/State/Zip

SERVE:                                  SERVE:

Name                                    Name

Address                                 Address

City/State/Zip                          City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

                                        Signature of Attorney/Plaintiff/Petitioner
By _____/S/ Adam Dockery_____    60712
      Deputy Clerk                      Bar No.
                                        110 E Lockwood Ave, St. Louis, MO 63119
          12/30/2025                    Address
                                        (314) 963-9000        (314) 963-1700
Date                                    Phone No.             Fax No.

CCADM62-WS    Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - December 16, 2025 - 01:20 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - ST LOUIS COUNTY - December 16, 2025 - 01:20 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri



For File Stamp Only

Eric Westerfield
Plaintiff/Petitioner

December 16, 2025
Date

25SL-CC14196
Case Number

vs.

Government Employees Insurance Co., et al
Defendant/Respondent

Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now    Plaintiff                                                                                   , pursuant
                                Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
Dan West                              8235 Forsyth Blvd., St. Louis, MO 63105   314-392-3205
Name of Process Server                     Address                                          Telephone
Sentoria Davidson                   8235 Forsyth Blvd., St. Louis, MO 63105   314-392-3205
Name of Process Server             Address or in the Alternative                      Telephone
Evan Lillick                              8235 Forsyth Blvd., St. Louis, MO 63105   314-392-3205
Name of Process Server             Address or in the Alternative                      Telephone
Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                            SERVE:
ALL DEFENDANTS
Name                                              Name
CT Corporation, 5661 Telegraph Rd, Ste 4B
Address                                           Address
St. Louis, MO 63129-4275
City/State/Zip                                    City/State/Zip

SERVE:                                            SERVE:

Name                                              Name

Address                                           Address

City/State/Zip                                    City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

                                                  Signature of Attorney/Plaintiff/Petitioner
                                                  60712
By                                                Bar No.
   Deputy Clerk                                   110 E Lockwood Ave, St. Louis, MO 63119
                                                  Address
                                                  (314) 963-9000          (314) 963-1700
Date                                              Phone No.                      Fax No.

CCADM62-WS    Rev. 07/22

Local Rule 28. SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

**TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI**

Eric Westerfield,

    Plaintiff,

v.

Government Employees Insurance Company,
GEICO General Insurance Company,
GEICO Indemnity Company,
GEICO Casualty Company,
GEICO Choice Insurance Company,
GEICO Secure Insurance Company,
GEICO Advantage Insurance Company, and
GEICO Marine Insurance Company,

    Defendants.

Case No. 25SL-CC14196

**Serve All Defendants at:**
C T CORPORATION SYSTEM
5661 Telegraph Rd Ste 4B
Saint Louis, MO 63129-4275

# MEMORANDUM

Plaintiff, Eric Westerfield ("Plaintiff"), individually and for all others similarly situated individuals, by and through his attorneys, hereby requests the Court to issue Summons on Defendants, Government Employees Insurance Company ("Government Employees"), GEICO General Insurance Company ("GEICO General"), GEICO Indemnity Company ("GEICO Indemnity"), GEICO Casualty Company ("GEICO Casualty"), GEICO Choice Insurance Company ("GEICO Choice"), GEICO Secure Insurance Company ("GEICO Secure"), GEICO Advantage Insurance Company ("GEICO Advantage"), and GEICO Marine Insurance Company ("GEICO Marine") (collectively, "GEICO"), to be served at CT Corporation System, 5661 Telegraph Road, Suite 4B, St. Louis, MO 63129-4275.

**ONDERLAW, LLC**

By:    /s/ *Jesse B. Rochman*
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
Craig W. Richards, #67262
Kaitlin A. Carpenter, #74599
110 E. Lockwood Ave.
St. Louis, MO  63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
richards@onderlaw.com
carpenter@onderlaw.com

*Attorneys for Defendant*

**Certificate of Service**

I certify on December 16, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.


 /s/ *Jesse B. Rochman*

2



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number: 25SL-CC14196 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ERIC WESTERFIELD | Plaintiff's/Petitioner's Attorney/Address<br>JESSE B ROCHMAN<br>110 EAST LOCKWOOD AVE<br>ST LOUIS, MO 63119 | |
| vs. | | |
| Defendant/Respondent:<br> GOVERNMENT EMPLOYEES INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Breach of Contract | | |

The State of Missouri to:    GOVERNMENT EMPLOYEES INSURANCE COMPANY
Alias:

**CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD STE 4B**
**ST. LOUIS, MO 63129-4275**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

### COURT SEAL OF



### ST. LOUIS COUNTY

| 30-DEC-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

# Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date)
at _____ (time).

_____    _____
Printed Name of Officer or Server         Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*   My commission expires: _____ _____
                                          Date                Notary Public

**Service Fees (if applicable)**
Summons                          $_____
Non Est                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $_____10.00_____
Mileage                          $_____ (_____ miles @ $._____ per mile)
**Total**                        $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2)** <u>**Mediation:**</u> A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3)** <u>**Early Neutral Evaluation ("ENE"):**</u> A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4)** <u>**Mini-Trial:**</u> A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number: 25SL-CC14196 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ERIC WESTERFIELD | Plaintiff's/Petitioner's Attorney/Address<br>JESSE B ROCHMAN<br>110 EAST LOCKWOOD AVE<br>ST LOUIS, MO 63119 | |
| vs. | | |
| Defendant/Respondent:<br> GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Breach of Contract | | |

The State of Missouri to:    GEICO GENERAL INSURANCE COMPANY
                      Alias:

**CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD STE 4B**
**ST. LOUIS, MO 63129-4275**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

### COURT SEAL OF



### ST. LOUIS COUNTY

| 30-DEC-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years of

age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                                   Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____ _____

                                                            Date                        Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number: 25SL-CC14196 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ERIC WESTERFIELD<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JESSE B ROCHMAN<br>110 EAST LOCKWOOD AVE<br>ST LOUIS, MO 63119 | |
| Defendant/Respondent:<br> GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Breach of Contract | | |

**The State of Missouri to:**    **GEICO INDEMNITY COMPANY**
    **Alias:**

  **CT CORPORATION SYSTEM**
  **5661 TELEGRAPH RD STE 4B**
  **ST. LOUIS, MO 63129-4275**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

| 30-DEC-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Case Number: 25SL-CC14196

# Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____    _____
Printed Name of Officer or Server              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                                    Date                    Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number: 25SL-CC14196 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ERIC WESTERFIELD<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JESSE B ROCHMAN<br>110 EAST LOCKWOOD AVE<br>ST LOUIS, MO 63119 | |
| Defendant/Respondent:<br> GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Breach of Contract | | |

The State of Missouri to:　　GEICO CASUALTY COMPANY
　　　　　　　　　　　　　　Alias:

**CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD STE 4B**
**ST. LOUIS, MO 63129-4275**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

### COURT SEAL OF



### ST. LOUIS COUNTY

| 30-DEC-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years of

age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____ _____
                                                    Date                         Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number: 25SL-CC14196 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ERIC WESTERFIELD<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JESSE B ROCHMAN<br>110 EAST LOCKWOOD AVE<br>ST LOUIS, MO 63119 | |
| Defendant/Respondent:<br> GOVERNMENT EMPLOYEES INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Breach of Contract | | |

The State of Missouri to:     GEICO CHOICE INSURANCE COMPANY
                Alias:

**CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD STE 4B**
**ST. LOUIS, MO 63129-4275**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

| 30-DEC-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years of

age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____      _____
Printed Name of Officer or Server            Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                     Date                    Notary Public

**Service Fees (if applicable)**

Summons                              $_____
Non Est                              $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $_____10.00_____
Mileage                              $_____ (_____ miles @ $._____ per mile)
**Total**                            $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.   These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number: 25SL-CC14196 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ERIC WESTERFIELD<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JESSE B ROCHMAN<br>110 EAST LOCKWOOD AVE<br>ST LOUIS, MO 63119 | |
| Defendant/Respondent:<br> GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Breach of Contract | | |

The State of Missouri to:     GEICO SECURE INSURANCE COMPANY
Alias:

**CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD STE 4B**
**ST. LOUIS, MO 63129-4275**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

### COURT SEAL OF



### ST. LOUIS COUNTY

| 30-DEC-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* **Document ID # 25-SMCC-21115**1 of 2 (25SL-CC14196)     Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years of

age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                               Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____ _____
                                                    Date                          Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | **Case Number: 25SL-CC14196** | |
|---|---|---|
| Plaintiff/Petitioner:<br>ERIC WESTERFIELD | Plaintiff's/Petitioner's Attorney/Address<br>JESSE B ROCHMAN<br>110 EAST LOCKWOOD AVE<br>ST LOUIS, MO 63119 | |
| Defendant/Respondent:<br>GOVERNMENT EMPLOYEES INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Breach of Contract | | |

vs.

**The State of Missouri to:** GEICO ADVANTAGE INSURANCE COMPANY
**Alias:**

**CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD STE 4B**
**ST. LOUIS, MO 63129-4275**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

### COURT SEAL OF



### ST. LOUIS COUNTY

| 30-DEC-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years of

age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____   _____
                                                                    Date                      Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number: 25SL-CC14196 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ERIC WESTERFIELD<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JESSE B ROCHMAN<br>110 EAST LOCKWOOD AVE<br>ST LOUIS, MO 63119 | |
| Defendant/Respondent:<br> GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Breach of Contract | | |

**The State of Missouri to:** **GEICO MARINE INSURANCE COMPANY**
**Alias:**

**CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD STE 4B**
**ST. LOUIS, MO 63129-4275**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

|  |  |
|---|---|
| 30-DEC-2025 | /S/ Adam Dockery |
| Date | Clerk |

**Further Information:**
AD

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years of

age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____

                              Date                     Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - January 06, 2026 - 03:27 PM

**IN THE 21st JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**
**21st JUDICIAL CIRCUIT**

ERIC WESTERFIELD

           Plaintiff

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY

           Defendant

Case No.:25SL-CC14196

## AFFIDAVIT OF PERSONAL SERVICE

That I, Sentoria Nettles Davidson hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 1/5/2026 at 2:57 PM at 5661 Telegraph Rd Ste 4B, Saint Louis, MO 63129-4275 I served GOVERNMENT EMPLOYEES INSURANCE COMPANY C/O CT CORPORATION SYSTEM with the following list of documents: SUMMONS,PETITION by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with DAN S - AGENT FOR SERVICE who is authorized to accept service on behalf of GOVERNMENT EMPLOYEES INSURANCE COMPANY C/O CT CORPORATION SYSTEM.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is $ .00

Subscribed and sworn before me, a Notary
Public, this 6th day of January, 2026

John Gregory Houseman
Notary Public
My Commision expires on: 10/25/2027

Sentoria Nettles Davidson
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

Executed On:

Order #:51053
    ERIC WESTERFIELD



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRIAN H. MAY | **Case Number: 25SL-CC14196** |
| Plaintiff/Petitioner:<br>ERIC WESTERFIELD<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>JESSE B ROCHMAN<br>110 EAST LOCKWOOD AVE<br>ST LOUIS, MO 63119 |
| Defendant/Respondent:<br>GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp for Return) |

The State of Missouri to: **GOVERNMENT EMPLOYEES INSURANCE COMPANY**
Alias:

**CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD STE 4B**
**ST. LOUIS, MO 63129-4275**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| 30-DEC-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Electronically Filed - ST LOUIS COUNTY - January 06, 2026 - 03:27 PM

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____  _____
                                                            Date                              Notary Public

**Service Fees (if applicable)**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1)** <u>**Advisory Arbitration:**</u> A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

<div style="writing-mode: vertical-rl">Electronically Filed - ST LOUIS COUNTY - January 06, 2026 - 03:27 PM</div>



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - January 06, 2026 - 03:27 PM

**IN THE 21st JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**
**21st JUDICIAL CIRCUIT**

| | |
|---|---|
| ERIC WESTERFIELD | Case No.: |
| Plaintiff | |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY | |
| Defendant | |

## AFFIDAVIT OF PERSONAL SERVICE

That I, Sentoria Nettles Davidson hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 1/5/2026 at 2:56 PM at 5661 Telegraph Rd Ste 4B, Saint Louis, MO 63129-4275 I served GEICO ADVANTAGE INSURANCE COMPANY C/O CT CORPORATION SYSTEM with the following list of documents: SUMMONS,PETITION by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with DAN S - AGENT FOR SERVICE who is authorized to accept service on behalf of GEICO ADVANTAGE INSURANCE COMPANY C/O CT CORPORATION SYSTEM.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is $ .00

Subscribed and sworn before me, a Notary Public, this 6th day of January, 2026

John Gregory Houseman
Notary Public
My Commision expires on: 10/25/2027

Sentoria Nettles Davidson
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

Executed On:

Order #:51059
ERIC WESTERFIELD

**IN THE 21st JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**
**21st JUDICIAL CIRCUIT**

| | |
|---|---|
| ERIC WESTERFIELD | Case No.: |
| Plaintiff | |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY | |
| Defendant | |

## AFFIDAVIT OF PERSONAL SERVICE

That I, Sentoria Nettles Davidson hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 1/5/2026 at 2:56 PM at 5661 Telegraph Rd Ste 4B, Saint Louis, MO 63129-4275 I served GEICO ADVANTAGE INSURANCE COMPANY C/O CT CORPORATION SYSTEM with the following list of documents: SUMMONS,PETITION by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with DAN S - AGENT FOR SERVICE who is authorized to accept service on behalf of GEICO ADVANTAGE INSURANCE COMPANY C/O CT CORPORATION SYSTEM.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is  $ .00

JOHN GREGORY HOUSEMAN
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES OCTOBER 25, 2027
ST LOUIS COUNTY
COMMISSION #15139515

Subscribed and sworn before me, a Notary Public, this 6th day of January, 2026

John Gregory Houseman
Notary Public
My Commision expires on: 10/25/2027

Sentoria Nettles Davidson
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

Executed On:

Order #:51059
ERIC WESTERFIELD

Electronically Filed - ST. LOUIS COUNTY - January 06, 2026 - 03:27 PM

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number: 25SL-CC14196 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ERIC WESTERFIELD<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>JESSE B ROCHMAN<br>110 EAST LOCKWOOD AVE<br>ST LOUIS, MO 63119 | |
| Defendant/Respondent:<br>GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Breach of Contract | | |

The State of Missouri to:  **GEICO ADVANTAGE INSURANCE COMPANY**
Alias:

**CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD STE 4B**
**ST. LOUIS, MO 63129-4275**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

<div align="center">

| 30-DEC-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

</div>

**Further Information:**
AD

Case Number: 25SL-CC14196

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____
                                              Date                              Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1)** <u>**Advisory Arbitration:**</u> A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.



**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21ˢᵗ Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 Or 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - January 06, 2026 - 03:27 PM

**IN THE 21st JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**
**21st JUDICIAL CIRCUIT**

| | |
|---|---|
| ERIC WESTERFIELD | Case No.:25SL-CC14196 |
| Plaintiff | |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY | |
| Defendant | |

## AFFIDAVIT OF PERSONAL SERVICE

That I, Sentoria Nettles Davidson hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 1/5/2026 at 2:57 PM at 5661 Telegraph Rd Ste 4B, Saint Louis, MO 63129-4275 I served GEICO MARINE INSURANCE COMPANY C/O CT CORPORATION SYSTEM with the following list of documents: SUMMONS,PETITION by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with DAN S - AGENT FOR SERVICE who is authorized to accept service on behalf of GEICO MARINE INSURANCE COMPANY C/O CT CORPORATION SYSTEM.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is  $ .00

Subscribed and sworn before me, a Notary Public, this 6th day of January, 2026

John Gregory Houseman
Notary Public
My Commision expires on: 10/25/2027

Sentoria Nettles Davidson
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

Executed On:

Order #:51060
e ERIC WESTERFIELD



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRIAN H. MAY | Case Number: 25SL-CC14196 |
| Plaintiff/Petitioner:<br>ERIC WESTERFIELD<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JESSE B ROCHMAN<br>110 EAST LOCKWOOD AVE<br>ST LOUIS, MO 63119 |
| Defendant/Respondent:<br>GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp for Return) |

The State of Missouri to: **GEICO MARINE INSURANCE COMPANY**
Alias:

**CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD STE 4B**
**ST. LOUIS, MO 63129-4275**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| 30-DEC-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Electronically Filed - ST LOUIS COUNTY - January 06, 2026 - 03:27 PM

### Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____

                                    Date                    Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - ST LOUIS COUNTY - January 06, 2026 - 03:27 PM



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

**IN THE 21st JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**
**21st JUDICIAL CIRCUIT**

| | |
|---|---|
| ERIC WESTERFIELD | Case No.:25SL-CC14196 |
| Plaintiff | |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY | |
| Defendant | |

## AFFIDAVIT OF PERSONAL SERVICE

That I, Sentoria Nettles Davidson hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 1/5/2026 at 2:57 PM at 5661 Telegraph Rd Ste 4B, Saint Louis, MO 63129-4275 I served GEICO SECURE INSURANCE COMPANY C/O CT CORPORATION SYSTEM with the following list of documents: SUMMONS,PETITION by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with DAN S - AGENT FOR SERVICE who is authorized to accept service on behalf of GEICO SECURE INSURANCE COMPANY C/O CT CORPORATION SYSTEM.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is  $ .00

JOHN GREGORY HOUSEMAN
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES OCTOBER 25, 2027
ST. LOUIS COUNTY
COMMISSION #15138515

*John Gregory Houseman*

Subscribed and sworn before me, a Notary Public, this 6th day of January, 2026

_____

John Gregory Houseman
Notary Public
My Commision expires on: 10/25/2027

*S. Nettles Davidson*

_____
Sentoria Nettles Davidson
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

_____
Executed On:

Order #:51058
Invoice ERIC WESTERFIELD

**IN THE 21st JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**
**21st JUDICIAL CIRCUIT**

ERIC WESTERFIELD

       Plaintiff

    v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY

       Defendant

Case No.:25SL-CC14196

## AFFIDAVIT OF PERSONAL SERVICE

That I, Sentoria Nettles Davidson hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 1/5/2026 at 2:57 PM at 5661 Telegraph Rd Ste 4B, Saint Louis, MO 63129-4275 I served GEICO INDEMNITY COMPANY C/O CT CORPORATION SYSTEM with the following list of documents: SUMMONS,PETITION by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with DAN S - AGENT FOR SERVICE who is authorized to accept service on behalf of GEICO INDEMNITY COMPANY C/O CT CORPORATION SYSTEM.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is $ .00

JOHN GREGORY HOUSEMAN
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES OCTOBER 25, 2027
ST. LOUIS COUNTY
COMMISSION #15138515

Subscribed and sworn before me, a Notary Public, this 6th day of January, 2026

John Gregory Houseman
Notary Public
My Commision expires on: 10/25/2027

Sentoria Nettles Davidson
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

Executed On:

Order #:51055
For file ERIC WESTERFIELD

**IN THE 21st JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**
**21st JUDICIAL CIRCUIT**

ERIC WESTERFIELD

Plaintiff

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY

Defendant

Case No.:25SL-CC14196

## <u>AFFIDAVIT OF PERSONAL SERVICE</u>

That I, Sentoria Nettles Davidson hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 1/5/2026 at 2:56 PM at 5661 Telegraph Rd Ste 4B, Saint Louis, MO 63129-4275 I served GEICO GENERAL INSURANCE COMPANY C/O CT CORPORATION SYSTEM with the following list of documents: SUMMONS,PETITION by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with DAN S - AGENT FOR SERVICE who is authorized to accept service on behalf of GEICO GENERAL INSURANCE COMPANY C/O CT CORPORATION SYSTEM.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is $ .00

Sentoria Nettles Davidson
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

Executed On:

Subscribed and sworn before me, a Notary Public, this 6th day of January, 2026

John Gregory Houseman
Notary Public
My Commision expires on: 10/25/2027

Order #:51054
Client File ERIC WESTERFIELD

Electronically Filed - ST LOUIS COUNTY - January 09, 2026 - 10:01 AM

**IN THE 21st JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**
**21st JUDICIAL CIRCUIT**

ERIC WESTERFIELD

               Plaintiff

      v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY

               Defendant

Case No.:25SL-CC14196

## AFFIDAVIT OF PERSONAL SERVICE

That I, Sentoria Nettles Davidson hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 1/5/2026 at 2:56 PM at 5661 Telegraph Rd Ste 4B, Saint Louis, MO 63129-4275 I served GEICO CHOICE INSURANCE COMPANY C/O CT CORPORATION SYSTEM with the following list of documents: SUMMONS,PETITION by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with DAN S - AGENT FOR SERVICE who is authorized to accept service on behalf of GEICO CHOICE INSURANCE COMPANY C/O CT CORPORATION SYSTEM.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is  $ .00

JOHN GREGORY HOUSEMAN
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES OCTOBER 25, 2027
ST. LOUIS COUNTY
COMMISSION #15138515

*John Gregory Houseman*

Subscribed and sworn before me, a Notary Public, this 6th day of January, 2026

John Gregory Houseman
Notary Public
My Commision expires on: 10/25/2027

*S. Nettles Davidson*

Sentoria Nettles Davidson
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

Executed On:

Order #:51057
Justice ERIC WESTERFIELD

**IN THE 21st JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**
**21st JUDICIAL CIRCUIT**

ERIC WESTERFIELD

               Plaintiff

      v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY

               Defendant

Case No.:25SL-CC14196

## AFFIDAVIT OF PERSONAL SERVICE

That I, Sentoria Nettles Davidson hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 1/5/2026 at 2:52 PM at 5661 Telegraph Rd Ste 4B, Saint Louis, MO 63129-4275 I served GEICO CASUALTY COMPANY C/O CT CORPORATION SYSTEM with the following list of documents: SUMMONS,PETITION by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with DAN S - AGENT FOR SERVICE who is authorized to accept service on behalf of GEICO CASUALTY COMPANY C/O CT CORPORATION SYSTEM.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is  $ .00

JOHN GREGORY HOUSEMAN
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES OCTOBER 25, 2027
ST. LOUIS COUNTY
COMMISSION #15138515

*John Gregory Houseman*

Subscribed and sworn before me, a Notary Public, this 6th day of January, 2026

John Gregory Houseman
Notary Public
My Commision expires on: 10/25/2027

*S. Nettles Davidson*

Sentoria Nettles Davidson
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

Executed On:

Order #:51056
Name: ERIC WESTERFIELD