**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **Eric Westerfield**,<br><br>  Plaintiff,<br><br>  v.<br><br>**Government Employees Insurance Company,**<br>**GEICO General Insurance Company,**<br>**GEICO Indemnity Company,**<br>**GEICO Casualty Company,**<br>**GEICO Choice Insurance Company,**<br>**GEICO Secure Insurance Company,**<br>**GEICO Advantage Insurance Company,**<br>**and GEICO Marine Insurance Company**,<br><br>  Defendants. | Cause No. 4:26-cv-00173 |

## DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL (FILED WITHOUT ATTACHMENTS)

Pursuant to Eastern District of Missouri Local Rule 13.05, counsel for Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, GEICO Choice Insurance Company, GEICO Secure Insurance Company, GEICO Advantage Insurance Company, and GEICO Marine Insurance Company (collectively "GEICO" or "Defendants"), respectfully moves this Court for an order granting leave to file Exhibit B to the Notice of Removal, Declaration of Allison Hoskins, under seal.

In support of its motion, GEICO states:

1

1.      A sealed memorandum in support of this motion for leave to file documents under seal is being filed separately in connection with this motion, as required by Eastern District of Missouri Local Rule 13.05(A)(4)(b)(i).

2.      Local Rule 13.05 permits this Court to order that documents filed in a civil case be received and maintained under seal "upon a showing of good cause." *Howard v. Newrez, LLC*, No. 4:21-CV-522 JAR, 2021 WL 2002998, at *2 (E.D. Mo. May 19, 2021). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common law right of access and balance that inference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Sigma-Aldrich Co., LLC v. Spittler*, No. 4:15CV1158 RLW, 2016 WL 3227675, at *2 (E.D. Mo. June 9, 2016) (citing *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)).

3.      It is proper to seal "confidential and competitively sensitive information" that may potentially harm a party from disclosure because that risk "outweighs the public's interest in access" to the documents. *See Sigma-Aldrich*, 2016 WL 3227675, at *2 (granting motion to keep complaint and exhibits under seal); *see also IDT Corp.*, 709 F.3d at 1224 (holding the court did not abuse its discretion in determining "the potential harm in unsealing 'confidential and competitively sensitive information' outweighed [the] 'generalized interest in access" to the document).

4.      Here, as detailed in GEICO's accompanying memorandum of law, and without disclosing the material sought to be kept confidential, the information sought to be filed under seal is confidential and competitively sensitive business information that, were it to be disclosed, may put GEICO at a competitive disadvantage in the auto-insurance space. *See* Exhibit B, ¶ 2.

5. GEICO requests that this material remain under seal indefinitely because the information that is being sealed is sensitive business information that will not go stale and, accordingly, should remain confidential during the pendency of this litigation and continuing indefinitely.

6. Counsel for GEICO contacted Plaintiff's counsel regarding the instant motion, but Plaintiff's counsel has not responded whether they object to the unsealed motion for partial sealing.

WHEREFORE, GEICO respectfully requests that this Court enter an Order granting GEICO leave to file Exhibit B to the Notice of Removal indefinitely under seal, and such further relief the Court deems just and appropriate.

Date: February 4, 2026                    Respectfully submitted,

**HEPLERBROOM LLC**

By: /s/ W. Jason Rankin
W. Jason Rankin, #62672MO
Charles N. Insler, #58623MO
Emilee M. Bramstedt, #71802MO
130 N. Main Street
P.O. Box 510
Edwardsville, IL 62025
(618) 656-0184
WJR@heplerbroom.com
CNI@heplerbroom.com
EMB@heplerbroom.com

George E. Mastoris
(*pro hac vice forthcoming*)
Adam P. Moskowitz
(*pro hac vice forthcoming*)
**WINSTON & STRAWN LLP**
200 Park Ave.
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
gmastoris@winston.com
apmoskowitz@winston.com

Samantha Lerner
(*pro hac vice forthcoming*)
**WINSTON & STRAWN LLP**
300 N. LaSalle Drive
Chicago, IL 60654
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
slerner@winston.com

*Counsel for Defendants*
*Government Employees Insurance Company,*
*GEICO General Insurance Company,*
*GEICO Indemnity Company,*
*GEICO Casualty Company,*
*GEICO Choice Insurance Company,*
*GEICO Secure Insurance Company,*
*GEICO Advantage Insurance Company, and*
*GEICO Marine Insurance Company*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on February 4, 2026 a copy of the foregoing was served upon the following counsel of record via electronic mail:

Martin L. Daesch
Jesse B. Rochman
Craig W. Richards
Kaitlin A. Carpenter
**ONDERLAW, LLC**
110 E. Lockwood Ave.,
St. Louis, MO 63119
314-963-6000
daesch@onderlaw.com
rochman@onderlaw.com
richards@onderlaw.com
carpenter@onderlaw.com

*Attorneys for Plaintiff*

                                                                      /s/ W. Jason Rankin