UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC WESTERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00173-SRC |
| | ) | |
| GOVERNMENT EMPLOYEES | ) | |
| INSURANCE COMPANY et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Order

Eric Westerfield sued GEICO and several of its subsidiaries in state court, individually and on behalf of three putative classes, asserting state-law claims.  Doc. 1-1; doc. 20. Defendants then removed this action to federal court, claiming federal-question jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Doc. 1 at ¶¶ 9–31.  To support its claim to federal-question jurisdiction, Defendants filed a redacted copy of the Declaration of Allison Hoskins.  Doc. 1-2.  The same day, Defendants moved for leave to file the declaration under seal.  Doc. 5.

The Supreme Court has recognized "a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).  And the Eighth Circuit has "agree[d] with the other circuits that the common-law right of access applies to judicial records in civil proceedings." *Id.*  This common-law "right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *Id.* (citations omitted).  "It also provides a

measure of accountability to the public at large, which pays for the courts." *Id.* (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)).

However, the common-law right of access is not absolute. *See id.* at 1222–23. "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223. "[J]udicial records and documents generally will 'fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Although the court is given this supervisory power, 'only the most compelling reasons can justify non-disclosure of judicial records.'" *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *In re Gitto Global Corp.,* 422 F.3d 1, 6 (1st Cir. 2005)). Finally, the movant must state "the specific legal and factual reasons justifying the sealing" of each exhibit. E.D.Mo. L.R. 13.05(A)(4)(b)(i).

Defendants move for leave to file a redacted version of the Declaration of Allison Hoskins and indefinitely seal the unredacted version. Doc. 5 at 3. Defendants cite the declaration in their Notice of Removal to support their claim to federal-question jurisdiction under CAFA. *See* doc. 1 at ¶¶ 14, 28, 30; *see also* doc. 6-2 (unredacted Declaration of Allison Hoskins). Defendants seek to seal figures in the declaration that, they say, "may potentially harm GEICO" and put GEICO at a "competitive disadvantage in the auto-insurance space" if disclosed. Doc. 6 at 2–3. At the same time, Defendants insist that "the public does not have a vested interest in knowing this information, as it has little impact on individual policies or the public at large, and much of the subject information is based only on a preliminary

2

investigation." *Id.* at 3.  Defendants therefore argue that "good cause" exists to "redact limited

confidential information regarding the number of individuals identified by GEICO's preliminary

investigation and the states in which its Risk Alert program is active." *Id.*

The Court disagrees.  Defendants cannot invoke federal-question jurisdiction as the basis

for removal to federal court and then move to seal the figures needed to determine whether

federal-question jurisdiction exists.  *See* doc. 1 at ¶¶ 14, 28, 30; *see also* doc. 6-2 (unredacted

Declaration of Allison Hoskins).  Federal courts, as courts of limited jurisdiction, "have an

independent obligation to assure ourselves of subject-matter jurisdiction." *Gallagher v.*

*Santander Consumer USA, Inc.*, 125 F.4th 865, 867 (8th Cir. 2025); 28 U.S.C. § 1447(c) ("If at

any time before final judgment it appears that the district court lacks subject matter jurisdiction,

the case shall be remanded."); *see also* Fed. R. Civ. P. 12(h)(3).  The Court's determination of

whether subject-matter jurisdiction exists is the core issue regarding the Court's "exercise of

Article III judicial power" in this case.  *IDT Corp.*, 709 F.3d at 1224.  The public's right to

monitor the Court's decision to exercise its limited jurisdiction (or not) outweighs Defendants'

interest in preserving the confidentiality of the figures in the Declaration of Allison Hoskins.  *Id.*

Accordingly, the Court denies Defendants' [5] Motion for Leave to File Under Seal.  Per

E.D.Mo. L.R. 13.05(A)(4)(g), the Court stays its denial of Defendants' Motion until March 9,

2026.

So ordered this 23rd day of February 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE