**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Eric Westerfield,<br><br>    Plaintiff,<br><br>v.<br><br>Government Employees Insurance<br>Company et al.,<br><br>    Defendants. | Case No. 4:26-cv-00173-SRC |

## Motion to Remand

Plaintiff respectfully moves to remand this action to the Circuit Court of St. Louis County, Missouri under 28 U.S.C. § 1447(c).

Defendants[1] removed this case under the Class Action Fairness Act ("CAFA"), but they have not carried their burden to establish that more than $5 million is in controversy.

**1. Defendants did not measure the class alleged in the Complaint.**
The proposed classes are limited to insureds of the GEICO underwriting entity that insured Plaintiff. Defendants' removal papers aggregate policyholders across eight GEICO entities without identifying which entity insured Plaintiff or limiting their calculation to that defined class. Because CAFA permits aggregation only of claims of persons who fall within the proposed class definition, Defendants' amount-in-controversy showing rests on the wrong population. 28 U.S.C. §§ 1332(d)(1)(D), (d)(6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

---

[1] There are eight GEICO underwriting entities named as defendants: GEICO General Insurance Company ("GEICO General"), GEICO Indemnity Company ("GEICO Indemnity"), GEICO Casualty Company ("GEICO Casualty"), GEICO Choice Insurance Company ("GEICO Choice"), GEICO Secure Insurance Company ("GEICO Secure"), GEICO Advantage Insurance Company ("GEICO Advantage"), and GEICO Marine Insurance Company ("GEICO Marine") (collectively, "GEICO").

**2. Defendants' extrapolation depends on undisclosed states and unsupported assumptions.** Defendants extrapolate from Missouri to other undisclosed states, treat Missouri as an "average" state without evidentiary support, and apply uniform rate and duration assumptions they concede "vary significantly." These are not reasonable inferences grounded in competent proof. *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 635–36 (8th Cir. 2017).

**3. Attorneys' fees cannot cure a defective damages model.** Defendants add a flat percentage for attorneys' fees to an already unsupported estimate. Fees may be included only if potentially recoverable, and even if they were, they cannot transform speculation into proof. *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 974 (11th Cir. 2002).

Because Defendants have not established—by a preponderance of competent evidence—that the amount in controversy exceeds $5 million, this Court lacks subject-matter jurisdiction.

WHEREFORE, Plaintiff respectfully requests that this case be remanded to the Circuit Court of St. Louis County, Missouri, and grant such further relief as the Court deems just and proper.

**ONDERLAW, LLC**

By: */s/ Jesse B. Rochman*
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO  63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*

2

## Certificate of Service

I certify that on February 23, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

*/s/ Jesse B. Rochman*