**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Eric Westerfield, <br><br>    Plaintiff, <br><br> v. <br><br> Government Employees Insurance Company et al., <br><br>    Defendants. | Case No. 4:26-cv-00173-SRC |

## Memorandum to Support Motion to Remand

### INTRODUCTION

This case belongs in Missouri state court unless Defendants plausibly allege and prove—by a preponderance of competent evidence—that more than $5 million is in controversy. 28 U.S.C. § 1332(d)(2); *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 635–36 (8th Cir. 2017). They have not done so.

Defendants' amount-in-controversy calculation begins with a basic mistake. **They start with the wrong group of people.** The Complaint alleges a class limited to insureds of the same GEICO underwriting entity that insured Plaintiff. (Doc. 1 ¶ 5; Doc. 6-2 ¶ 6).[1] Defendants' removal papers do not measure that class. Instead, Defendants lump together policyholders from eight distinct GEICO insurance companies without showing those policyholders are the ones included in the class Plaintiff alleged. (Doc. 6-2 ¶¶ 1, 3). That error occurs before any arithmetic begins.

---

[1] There are eight GEICO underwriting entities named as defendants: GEICO General Insurance Company ("GEICO General"), GEICO Indemnity Company ("GEICO Indemnity"), GEICO Casualty Company ("GEICO Casualty"), GEICO Choice Insurance Company ("GEICO Choice"), GEICO Secure Insurance Company ("GEICO Secure"), GEICO Advantage Insurance Company ("GEICO Advantage"), and GEICO Marine Insurance Company ("GEICO Marine") (collectively, "GEICO").

Once the starting population is wrong, everything built on it is wrong too. Defendants extrapolate from Missouri to other undisclosed states without identifying which states are included. (Doc. 6-2 ¶ 5). They assume uniform rates and uniform durations even though they admit those figures "vary significantly." (Doc. 6-2 ¶ 6). And Defendants then add a percentage for attorneys' fees to numbers they never reliably established. (Doc. 6-2 ¶ 8). None of those later assumptions can cure that initial defect. An estimate built on the wrong population is not evidence. It is irrelevant.

CAFA allows reasonable estimates grounded in competent evidence. It does not allow federal jurisdiction to be built on an aggregation that never matched the class alleged. 28 U.S.C. § 1332(d)(1)(D), (d)(6). And it does not allow jurisdiction based on "conjecture, speculation, or star gazing." *Waters*, 873 F.3d at 636. Defendants have not carried their burden, so the Court should remand.

### BACKGROUND

On December 9, 2025, Plaintiff Eric Westerfield filed this putative class action in the Circuit Court of St. Louis County, Missouri. (Doc. 1 ¶ 3). The Complaint alleges GEICO added an unrequested driver to Plaintiff's auto insurance policy based on unverified third-party data and then treated Plaintiff's silence as consent to insure that driver at a higher premium. (Doc. 20 ¶¶ 1, 4). According to the Complaint, GEICO implemented this practice through an automated, negative-option process that issues a warning and then adds the driver if the insured does not respond within a short window. (Doc. 20 ¶¶ 4, 66).

Plaintiff alleges he was a named insured on a GEICO auto policy and that GEICO's addition of the unrequested driver resulted in an increased premium that Plaintiff paid. (Doc. 20 ¶¶ 1, 4; Doc. 6-2 ¶ 6). The alleged injury is policy-specific: a premium increase charged on a particular insurance policy issued to a particular insured. (Doc. 20 ¶¶ 1, 4; Doc. 6-2 ¶ 6).

The Complaint asserts damages classes defined by insureds whose premiums increased after GEICO added unrequested drivers to their policies with no action by the insured. (Doc. 20 ¶ 70). The Nationwide and Missouri Classes are limited to insureds "who were insured by one or more of the GEICO entities who insured Plaintiff." (Doc. 20 ¶ 70). The class allegations tie membership to the unidentified underwriting entity that issued Plaintiff's policy, not to GEICO as a whole. (Doc. 20 ¶ 70; Doc. 6-2 ¶ 6).

The Complaint asserts state-law claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and civil conspiracy. (Doc. 1 ¶ 4). GEICO removed the case to this Court on February 4, 2026, invoking the Class Action Fairness Act. (Doc. 1 ¶ 1). In the Notice of Removal, GEICO asserts the proposed class exceeds 100 members, minimal diversity exists, and the amount in controversy exceeds $5 million. (Doc. 1 ¶ 1). Plaintiff contests GEICO's amount-in-controversy showing.

### REMOVAL STANDARD

CAFA allows removal of certain class actions, but only when the jurisdictional requirements are met. *See* 28 U.S.C. § 1332(d); *Leflar v. Target Corp.*, 57 F.4th 600, 603 (8th Cir. 2023). A defendant may remove a putative class action under CAFA only if the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In deciding whether that threshold is met, courts must aggregate the claims of all people who "fall within the definition of the proposed or certified class." 28 U.S.C. §§ 1332(d)(1)(D), (d)(6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

Although CAFA expanded federal jurisdiction over class actions, "remaining in federal court following removal is no sure thing." *Leflar*, 57 F.4th at 603. A case removed under CAFA must be remanded if the defendant fails to

establish each jurisdictional prerequisite—either at the pleading stage or once jurisdiction is challenged. *Id.*

The analysis proceeds in two steps. *Id.* First, where a complaint does not plead a specific amount in controversy, the notice of removal must plausibly allege that the amount in controversy exceeds $5 million. *Id.*; *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–89 (2014). If the notice of removal does not plausibly allege CAFA jurisdiction, the district court must remand. *Leflar*, 57 F.4th at 603.

Second, even if the notice of removal is facially sufficient, a plaintiff may challenge, or the Court may question, jurisdiction. *Id.* Once jurisdiction is contested or questioned, the removing defendant must prove—by a preponderance of the evidence—that the amount in controversy exceeds the $5 million threshold. *Id.* If the defendant's showing depends on speculation or unsupported assumptions, remand is required. *Waters*, 873 F.3d at 636; *McNamee v. Knudsen & Sons, Inc.*, 2016 WL 827942, at *3 (E.D. Mo. Mar. 3, 2016) (citing *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

Although a removing defendant may rely on "specific factual allegations" combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations, those inferences must be grounded in evidence. *Waters*, 873 F.3d at 636 (internal quotes and ellipses omitted); *Smith v. Marcus & Millichap, Inc.,* 991 F.3d 1145, 1156 n.2 (11th Cir. 2021). Jurisdiction is not established where a court must resort to "conjecture, speculation, or star gazing." *Waters*, 873 F.3d at 636.

## ARGUMENT

### 1. Defendants' jurisdictional showing fails at the threshold because they never measured the class alleged in the Complaint.

Defendants' amount-in-controversy showing fails before any arithmetic begins. The alleged class is limited to insureds of the same GEICO underwriting entity that insured Plaintiff. (Doc. 20 ¶ 70). That limitation defines the universe whose claims may be aggregated under CAFA. 28 U.S.C. §§ 1332(d)(1)(D), (d)(6); *Knowles*, 568 U.S. at 592.

Defendants did not measure that universe. Instead, they submitted an affidavit from Allison Hoskins for all eight GEICO defendants and treat them collectively as "GEICO." (Doc. 6-2 ¶ 1). Hoskins offers a statewide aggregate for Missouri insureds affected within five years, but she does not say which GEICO underwriting entity insured Plaintiff and how many policies *that* entity issued. (Doc. 6-2 ¶ 3).

GEICO's own evidence shows the problem. Paragraph 6 of the Hoskins affidavit describes the alleged harm to Plaintiff at the level of a **single insurance policy**—one insured, one premium, one rate. (Doc. 6-2 ¶ 6). But Hoskins never identifies the GEICO underwriting entity that issued that policy. A single auto policy is underwritten by a single GEICO entity. By withholding that information, Defendants confirm they did not measure the population required to establish the amount in controversy for the class alleged.

Because Defendants began with the wrong population, their jurisdictional showing fails as a matter of law. Evidence built on the wrong population is irrelevant. A headcount not keyed to the class definition is not proof of the amount "in controversy." It is conjecture. The Court should remand on this basis alone.

## 2. GEICO's state-level extrapolation is independently defective because the participating states are undisclosed.

Even if Defendants had measured the correct population (they didn't), their extrapolation would still fail. Hoskins states that the Risk Alert program is currently active in undisclosed states, giving only "for example, Missouri and Florida." (Doc. 6-2 ¶ 4). She then treats Missouri's count as the "average" and multiplies it across the undisclosed remainder. (Doc. 6-2 ¶ 5).

But Hoskins also admits Defendants affirmatively keep confidential "the number of individuals or the states in which [GEICO's] Risk Alert program is active." (Doc. 6-2 ¶ 1). Without knowing which states are included, neither Plaintiff nor the Court can evaluate representativeness, assess population differences, or test whether GEICO's estimate is conservative or inflated. An extrapolation that depends on an undisclosed universe is not a reasonable inference. It is an untestable assumption.

## 3. Treating Missouri as an "average" state is arbitrary and unsupported.

Hoskins assumes the number of Missouri's insureds represent the "average" per state. (Doc. 6-2 ¶ 5). Defendants label this assumption "conservative." (Doc. 1 ¶ 28). It is neither.

Missouri accounts for two percent of the U.S. population. States such as California, Texas, Florida, and New York have larger populations than Missouri, while thirty-three states have smaller populations. Treating each state as an interchangeable unit ignores basic demographic reality—and could artificially bias the estimate upward by assigning Missouri's count to states that could not plausibly support it. That's not a reasonable extrapolation. It's a simplifying assumption convenient for removal but untethered to evidence. *Myrick v. WellPoint*, Inc., 764 F.3d 662, 665 (7th Cir. 2014); *Ibarra*, 775 F.3d at 1199.

6

GEICO's model fails either way. If Missouri is representative, GEICO's failure to identify the participating states prevents any evaluation of representativeness. If Missouri is not representative, extrapolating Missouri's count across other states is arbitrary and unreasonable. Either way, Defendants have not met their burden.

### 4. Defendants rate and duration assumptions confirm the unreliability of their estimate.

Hoskins suggests "the precise charge for an added driver will vary significantly" based on factors including geographic location. (Doc. 6-2 ¶ 6). She still adopts Plaintiff's six-day experience—about $2.20 per day—as a uniform nationwide rate. (Doc. 6-2 ¶ 7).

She likewise states the time an added driver remains on a policy "will similarly vary significantly," explaining some insureds would remove the driver within days while others "may not have removed them at all." (Doc. 6-2 ¶ 7). Despite that admitted variability, Hoskins assumes—without analysis or supporting data—that each added driver remained on the policy for about half of GEICO's six-month policy period, or 90 days. (Doc. 6-2 ¶ 7).

That assumption is untethered to evidence. Although damages calculations may involve assumptions, those assumptions "cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1197. Hoskins offers no data, no sampling, and no explanation for why "half a policy period" is a reasonable proxy for a nationwide class she concedes varies widely on the numbers she estimates. The 90-day figure is not a deduction from evidence; it is an evidentiary fiction adopted in place of proof.

The assumption is also internally inconsistent with GEICO's own theory of the case. In the Notice of Removal, GEICO asserts that "many of the added drivers are children or other family members of the insured who reside at the

7

policyholder's residence and who should have been, but were not, previously listed as a driver by the policyholder." (Doc. 1 ¶ 28 n.2). Those are precisely the drivers Hoskins invokes to justify a longer duration on the policy. (Doc. 6-2 ¶ 7). But if such drivers were household members who should have been listed—and that the class members wanted listed despite GEICO's breach of contract in adding them—any alleged overcharge attributable to their addition would probably result in nominal damages. *See Evans v. Werle*, 31 S.W.3d 489, 493 (Mo. Ct. App. 2000) (recognizing nominal damages of $1 for breach of contract where no actual damages are proven); *Fitzgerald v. McNAE*, 769 F. Supp. 3d 1291, 1298 (S.D. Fla 2025) ("Florida law does require an award of at least nominal damages if a breach of contract has been established.")[2]

GEICO cannot have it both ways. It cannot rely on "never removed" household drivers to inflate the duration assumption while applying Plaintiff's short-term per-day charge to all class members. That mismatch confirms the 90-day, $2.20-per-day model is not a reasonable extrapolation from evidence, but a damages construct assembled to reach a jurisdictional threshold.

### 5. Attorneys' fees cannot salvage an unsupported damages model.

Hoskins adds a 30% attorneys' fee to her damages estimate at the request of GEICO's counsel. (Doc. 6-2 ¶ 8). There are at least two problems with this.

First, attorneys' fees may be included only if they are potentially recoverable. *See Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 974 (11th Cir. 2002)

---

[2] GEICO suggests deciding whether an added driver was "wrongfully added" requires individualized inquiries and "mini-trials," purportedly creating "uncurable" class-certification problems. (Doc. 1 ¶ 28 n.2). Class certification is not before the Court. The argument conflates liability with damages. GEICO admits it can identify drivers added "without any action taken by the insured." (Doc. 6-2 ¶ 3). It maintains records reflecting when those drivers were added and the additional premiums charged. (Doc. 6-2 ¶ 6). Whether GEICO's uniform practice of automatically adding drivers without policyholder action breaches the breaches the standardized form contract presents a common, classwide question capable of generalized proof. Even if damages vary among class members—or some recover only nominal damages—that does not defeat class treatment. *See Custom Hair Designs by Sandy v. Cent. Payment Co., LLC*, 984 F.3d 595, 600–02 (8th Cir. 2020).

(Since "plaintiffs have no right to recover attorneys' fees from defendants in this case, their request for attorneys' fees does not constitute part of their claim against the defendants and cannot be considered for amount-in-controversy purposes.") Missouri follows the American Rule, under which "each litigant bears his or her own expenses" unless fees are allowed by statute or contract. *Weiss v. Weiss*, 720 S.W.3d 106, 115 (Mo. Ct. App. E.D. 2025). Plaintiff pleads no contractual or statutory basis for fee-shifting. Defendants identify none— and question the availability of fees. (Doc. 1 ¶ 29).

Even if attorneys' fees were potentially recoverable, they could not cure the defects in Defendants' damages model. Where the population is wrong and the rate and duration assumptions are unsupported, adding a flat percentage for fees merely compounds the error. CAFA requires evidence that the amount in controversy exceeds $5 million; it does not permit defendants to reach that threshold by layering speculative fees onto an already unreliable estimate.

### 6. GEICO's approach mirrors the assumption-based methodology courts reject under CAFA.

"When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Courts interpreting CAFA reject assumption-based extrapolation when disciplined methods are available.

In *Hood v. Gilster-Mary Lee Corp.*, the Eighth Circuit rejected extrapolation drawn from incomplete data where the record had "no sample, sampling methodology, or other indication of a disciplined approach," calling the extrapolation a "fallacy." 785 F.3d 263, 266 (8th Cir. 2015). The Seventh Circuit cases, cited approvingly in *Hood*, have likewise explained that CAFA does not force parties to choose between exhaustive proof and "cheap" assumptions; statistically valid sampling and supported extrapolation are available alternatives.

*Myrick,* 764 F.3d at 665; *In re Sprint Nextel Corp.*, 593 F.3d 669, 674–76 (7th Cir. 2010).

GEICO pursued neither. By failing to segregate insureds by underwriting entity or identify the participating states, GEICO could not determine who fell within the class definition. It aggregated the wrong population. It substituted unsupported assumptions for evidence it controlled and has withheld. That approach does not satisfy CAFA's evidentiary demands now that jurisdiction is contested.

Because GEICO did not support its jurisdictional allegations with competent proof, remand is required.

## ALTERNATIVE REQUEST FOR DISCOVERY

Plaintiff seeks remand on the present record. Defendants have not carried their burden to establish CAFA jurisdiction by a preponderance of the evidence with competent proof.

If Defendants attempt to cure the defects in their amount-in-controversy showing through new evidence submitted in opposition to remand—or the Court determines that Defendants' jurisdictional showing could be resolved on the current record—Plaintiff requests limited jurisdictional discovery tailored to the amount in controversy. *See Pudlowski v. St. Louis Rams, LLC*, 839 F.3d 963, 964–65 (8th Cir. 2016) (per curiam) ("Discovery is not limited to the merits of a case; 'where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.'")

This discovery would focus on matters Defendants control and have not revealed, including: (1) identification of the GEICO underwriting entity that issued Plaintiff's policy; (2) identification of the states the Risk Alert program operated; (3) the number of drivers added without policyholder action by

10

underwriting entity and by state; (4) the duration such drivers remained on policies; and (5) the additional premiums charged during those periods.

Defendants should not be allowed to defeat remand by withholding jurisdictional facts and then invoking uncertainty of their own making.

## CONCLUSION

CAFA places the burden on the removing defendant to establish federal jurisdiction by a preponderance of competent proof. GEICO did not do so. Its amount-in-controversy showing rests on a structural mismatch—aggregating insureds who do not fall within the class alleged—and an evidentiary fiction built from undisclosed states, unsegregated underwriting entities, and unreasonable assumptions GEICO concedes "vary significantly."

Because GEICO has not carried its burden to show that more than $5 million is in controversy, this Court lacks subject-matter jurisdiction. The Motion to Remand should be granted, and this case returned to the Circuit Court of St. Louis County, Missouri.

**ONDERLAW, LLC**

By:  */s/ Jesse B. Rochman*
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO  63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*

11

## Certificate of Service

I certify that on February 23, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Jesse B. Rochman