# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

| | |
|---|---|
| Eric Westerfield,<br><br>        Plaintiff,<br><br>v.<br><br>Government Employees Insurance Company,<br>GEICO General Insurance Company,<br>GEICO Indemnity Company,<br>GEICO Casualty Company,<br>GEICO Choice Insurance Company,<br>GEICO Secure Insurance Company,<br>GEICO Advantage Insurance Company, and<br>GEICO Marine Insurance Company,<br><br>        Defendants. | Case No. 4:26-cv-000173-SRC |

## DECLARATION OF ALLISON HOSKINS

I, Allison Hoskins, being of lawful age and duly sworn upon my oath, state as follows:

1.  I am over 18 years of age. I am authorized to provide this declaration on behalf of Defendants Government Employees Insurance Company ("Government Employees"), GEICO General Insurance Company ("GEICO General"), GEICO Indemnity Company ("GEICO Indemnity"), GEICO Casualty Company ("GEICO Casualty"), GEICO Choice Insurance Company ("GEICO Choice"), GEICO Secure Insurance Company ("GEICO Secure"), GEICO Advantage Insurance Company ("GEICO Advantage"), and GEICO Marine Insurance Company ("GEICO Marine," and collectively with all other Defendants, "GEICO"). I have reviewed the Petition filed in the above-captioned matter, as well as Plaintiff's Motion to Remand and supporting Memorandum. If called upon to do so, I am competent to and would testify to the matters set forth herein, of which I have personal knowledge.

2.      As detailed in my February 4, 2026 declaration ("First Declaration"), I work with GEICO as a Senior Manager, Underwriting Efficiency & Information Management. In that capacity, I am responsible for managing and implementing GEICO's driver discovery program, which proactively identifies youthful drivers in GEICO customers' households who are not listed on the customers' policies. In furtherance of those efforts, GEICO's Risk Alert program utilizes third-party data that its vendor obtains directly from each state's respective Department of Motor Vehicles or equivalent agency (e.g., the Division of Motor Vehicles, Motor Vehicle Administration, etc.), to identify youthful drivers whom those government records indicate reside at GEICO insureds' addresses. While GEICO discloses the fact that it utilizes third-party data to supplement policy information to its insureds, it takes active measures to keep confidential and prevent the unintended disclosure of the number of individuals or the states in which its Risk Alert program is active, as that information is sensitive business information that, were it to be disclosed, may put GEICO at a competitive disadvantage in the auto-insurance space. It similarly takes active measures to prevent the unintended disclosure of sensitive financial information, including insured premiums, rate increases, and other related financial data.

3.      As detailed in my First Declaration, GEICO's Risk Alert program is currently active in thirty states, including, for example, Missouri and Florida. Relying on publicly available data concerning the populations of each of the thirty states in which GEICO's Risk Alert program is active, I have found that Missouri's population is disproportionately smaller than the other twenty-nine states in which GEICO's Risk Alert program is active. Put simply, Missouri's population represents approximately 1/35 of the total population of those thirty states.

4.      Having reviewed the Petition and Mr. Westerfield's Motion to Remand, it does not appear that Mr. Westerfield identified the entities that insured him, despite the fact that GEICO

2

makes this information clear to insureds on the face of its policies. Nevertheless, on a review of Mr. Westerfield's account, I have identified that he was insured by each of GEICO Advantage, GEICO Secure, and GEICO Indemnity within five years of the filing of his Petition. Mr. Westerfield appears to have been insured by GEICO Advantage in Kansas at the time his Risk Alert notice was sent.

5. While compiling a complete set of data is burdensome and extremely difficult, through GEICO's ongoing initial assessment, GEICO has identified more than 100,000 nationwide insureds who had a driver added to their policy by one of GEICO Advantage, GEICO Secure, or GEICO Indemnity pursuant to GEICO's Risk Alert program "without any action taken by the insured," as the Petition puts it, within the past five years.

6. Limiting GEICO's currently available data to GEICO Advantage, GEICO's preliminary assessment has found that the number of allegedly impacted nationwide insureds totals more than 15,000. Adding to that figure the number of individuals with residences in Missouri who may fall within Plaintiff's Missouri Civil Conspiracy class definition, as alleged in the Petition, and who were not insured by GEICO Advantage (so as to not double count), the total number of allegedly impacted insureds exceeds 20,000.

7. As noted in my First Declaration, the precise charge for an added driver will vary significantly based on a host of factors including, among other things, age and driver experience, vehicle type, geographic location, and driver record. After analyzing GEICO's policy premium increases for insureds who had a driver added pursuant to GEICO's Risk Alert program, I have found that the average added expense of an additional youthful driver exceeds $2.72 per day.

8. In addition, as noted in my First Declaration, it is extremely burdensome and complex to calculate an average amount of time that the above-referenced added drivers remain

3

on an insured's account, as GEICO does not maintain such information in the ordinary course of business. Nevertheless, of the 20,000 insureds referenced above, GEICO's preliminary investigation has found that more than half of those insureds continued to have the newly added driver on their policy after 184 days.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 6, 2026

_____
Allison Hoskins