**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Eric Westerfield,<br><br>    Plaintiff,<br><br>v.<br><br>Government Employees Insurance<br>Company et al.,<br><br>    Defendants. | Case No. 4:26-cv-00173-SRC |

### Motion For Leave to
### Supplement the Record in Support of Remand

Plaintiff moves for leave to supplement the record in support of his Motion to Remand (Doc. 38) with new evidence produced by GEICO.

### 1.  Procedural Posture

Defendants removed this case under the Class Action Fairness Act ("CAFA") and attached a declaration from Allison Hoskins. (Docs. 1, 1-2, 6-2). Plaintiff moved to remand this action, arguing Defendants did not establish by a preponderance of the evidence that more than $5 million is in controversy under the CAFA. (Doc. 38).

Defendants opposed remand and submitted, among other materials, a second declaration from Allison Hoskins. (Doc. 40-1). That declaration provides factual assertions regarding GEICO's Risk Alert program and the assumptions underlying Defendants' amount-in-controversy calculation, including an asserted average premium increase. (Doc. 40-1 ¶ 7).

### 2.  Newly Produced Evidence Bears on the Jurisdictional Issue

On March 16, 2026, briefing on remand was complete. (Doc. 49). On April 9, 2026, GEICO Casualty responded to discovery in *Kane v. GEICO Casualty Co.*, No. 6:25-cv-00532-JSS (M.D. Fla. 2025), a separate action involving the

same Risk Alert program at issue here. Those responses were verified by the same declarant—Allison Hoskins—whose declaration Defendants rely on in this case to support removal and oppose remand.

The newly obtained evidence directly addresses a central issue before the Court: whether Defendants' amount-in-controversy calculation rests on reasonable, evidence-based assumptions or on speculation.

### 3. Newly Produced Evidence Confirms Defendants' Amount-In-Controversy Model Depends on Speculation

Here, GEICO's amount-in-controversy calculation relies on Ms. Hoskins's declaration to assert that GEICO identified an average premium increase for drivers added under the Risk Alert program. (Docs. 40 at 7, 11; 40-1 ¶ 7).

In *Kane*, however, GEICO Casualty was asked to identify the average premium increase under the Risk Alert program. GEICO stated, in an interrogatory response verified by Ms. Hoskins, that determining such premium increases:

> "may necessitate making assumptions about the cause of the premium change, which would result in inaccurate, speculative, or incomplete data."

GEICO further claimed in its verified interrogatory responses that identifying class members and premium increases attributable to driver additions:

> "could require making assumptions about the causes of premium changes, risking inaccuracies, speculation, and incomplete data."

These verified responses concern the same program and the same kind of data on which Defendants rely here. According to Ms. Hoskins in *Kane*, the figures Defendants use in their jurisdictional model here do not come from straightforward, verifiable calculations, but instead depend on "assumptions" that Ms. Hoskins and GEICO Casualty themselves acknowledge "would result" in speculation.

Defendants cannot satisfy their burden to establish jurisdiction with assumptions derived from data they claim cannot be calculated without resort to

speculation. That is precisely the type of conjecture and speculation that cannot satisfy the removing party's burden to establish the amount in controversy. *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017); *Lizama v. Victoria's Secret Stores, LLC*, 36 F.4th 762, 766 (8th Cir. 2022).

### 4. Newly Produced Evidence Reinforces Plaintiff's Alternative Request for Jurisdictional Discovery

In briefing on the Motion to Remand, Plaintiff asked for limited jurisdictional discovery if the Court concluded the current record did not resolve jurisdiction in favor of remand. (Docs. 39 at 10; 49 at 13–14).

The newly obtained evidence confirms that such discovery is justified if the Court does not remand on the present record. Defendants' own verified responses in *Kane* claim the key inputs to their jurisdictional model here—premium increases and class identification—cannot be determined without "making assumptions… which ***would result*** in inaccurate, speculative, or incomplete data."

If the Court does not remand on the present record, Plaintiff should be permitted discovery to evaluate GEICO's underlying assumptions and why they result in "inaccurate, speculative, or incomplete data."

### 5. The Requested Relief is Narrow and Non-Prejudicial

Plaintiff seeks to submit only the relevant interrogatory responses and a short explanation tying those responses to the jurisdictional issue. There is no prejudice to Defendants. The evidence includes their own verified responses about the same program and same kind of data in this case.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant leave to supplement the record with the newly produced evidence described above and consider that evidence in ruling on Plaintiff's Motion to Remand; permit jurisdictional discovery, if necessary; and grant such further relief as the Court deems just and proper.

3

**ONDERLAW, LLC**

By:  /s/ Jesse B. Rochman
     Martin L. Daesch, #40494
     Jesse B. Rochman, #60712
     110 E. Lockwood Ave.
     St. Louis, MO  63119
     (314) 963-9000 (telephone)
     (314) 963-1700 (facsimile)
     daesch@onderlaw.com
     rochman@onderlaw.com
     *Attorneys for Plaintiff*

## Certificate of Service

I certify that on April 17, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Jesse B. Rochman