**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |
|---|---|
| Eric Westerfield,<br><br>      Plaintiff,<br><br>   v.<br><br>Government Employees Insurance Company,<br>GEICO General Insurance Company,<br>GEICO Indemnity Company,<br>GEICO Casualty Company,<br>GEICO Choice Insurance Company,<br>GEICO Secure Insurance Company,<br>GEICO Advantage Insurance Company, and<br>GEICO Marine Insurance Company,<br><br>      Defendants. | Case No. 4:26-cv-00173-SRC |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL EVIDENCE**

Plaintiff's "newly produced evidence" is neither new nor material.  To the contrary, GEICO's interrogatory responses from *Kane v. GEICO Casualty Co.*, No. 6:25-cv-00532-JSS (M.D. Fla. 2025) (the "*Kane* Action") are entirely consistent with GEICO's Notice of Removal (ECF No. 1) and Opposition to Plaintiff's Motion to Remand (ECF No. 40) and thus do nothing to undermine the inevitable conclusion that the amount in controversy in this case exceeds CAFA's $5 million threshold.  In fact, the only practical import of Plaintiff's Motion is that Plaintiff has now explicitly conceded the overlap between this case and the *Kane* Action—thereby supporting dismissal pursuant to federal courts' well-established "first-to-file" rule (ECF No. 46)—and laid bare Plaintiff's transparent goal in inflating litigation costs for GEICO by maintaining duplicative suits in multiple jurisdictions.  This Court should therefore exercise its well-founded jurisdictional authority under CAFA and dismiss this case in favor of the *Kane* Action.

## I.      Plaintiff's "newly produced evidence" does not undermine GEICO's clear showing that the amount in controversy exceeds $5 million.

Plaintiff's alleged "new evidence" from the *Kane* Action shows only that calculating a specific and definitive "average and median premium increase" from newly added drivers is "extraordinarily time-consuming, resource-intensive, and impractical" because it would "require a manual review of multiple highly voluminous data management systems, and that review must be repeated anew for each individual putative class member" and, "[e]ven if such a manual review were conducted, determining the amount a premium increased following the addition of a youthful driver may necessitate making assumptions about the cause of the premium change, which would result in inaccurate, speculative, or incomplete data."  ECF No. 57-1 at 14.  This position is entirely consistent with (and in fact was expressly made in) the declarations GEICO submitted in support of its Notice of Removal and Opposition to Plaintiff's Motion to Remand.  *See* ECF No. 6-2 ¶ 6 ("[T]he precise charge for an added driver will vary significantly based on a host of factors

1

including, among other things, age and driver experience, vehicle type, geographic location, and driver record."); ECF No. 40-1 ¶ 7 (same).  It is exactly for this reason that Ms. Hoskins *did not* provide a specific and definitive class-wide figure for the alleged overcharge (nor could she); rather, Ms. Hoskins's first declaration utilized Plaintiff's own alleged overcharge ($2.20/day) as a proxy for a typical class member's alleged overcharge (ECF No. 6-2)[1] and her second declaration attested only that, after analyzing the relevant data, "the average added expense of an additional youthful driver exceeds $2.72 per day."  ECF No. 40-1.  In this way, Ms. Hoskins did not provide a precise figure now undercut by the *Kane* discovery responses—as Plaintiff suggests—but rather, *because* calculating a precise figure is extraordinarily difficult and would require an insured-by-insured manual review and making certain assumptions, Ms. Hoskins provided only a conservative floor intended to show that the amount in controversy exceeds $5 million (which it does).

These efforts are entirely consistent with the standard for CAFA removal, which expressly ***does not*** require GEICO to "prove the amount in controversy beyond all doubt" or provide a "formula or methodology for calculating the potential damages."  *K.A. ex rel. B.W. v. Children's Mercy Hosp.*, 2018 WL 6445417, at *1 (W.D. Mo. Dec. 10, 2018).  Instead, GEICO may, as it did here, rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017).  By identifying the relevant set of potential insureds, calculating a reasonable floor for potential damages as alleged in the Petition, and providing an estimated duration for the alleged harm, GEICO has clearly satisfied the

---

[1] *See, e.g.*, *Scherrer v. Foremost Ins. Co. of Grand Rapids, Mich.*, 2018 WL 1508904, at *3 (E.D. Mo. Mar. 27, 2018) (permitting defendant "to simply multiply the average of [a named plaintiff's] claims by the total number of potential class members"); *Doss v. Am. Family Home Ins. Co.*, 47 F. Supp. 3d 836, 840 (W.D. Ark. 2014) ("Using the named Plaintiffs as 'typical' class members and multiplying their claims by the number of persons estimated in a class is precisely how courts generally determine the estimated amount in controversy.").

requirements for removal set forth by the Eighth Circuit.  *See* ECF No. 40-1 ¶¶ 3–8; *see also Waters v. Home Depot USA, Inc.*, 446 F. Supp. 3d 484, 492 (E.D. Mo. 2020).  Plaintiff's apparent demand for insured-by-insured precision, and his request for jurisdictional discovery on the same, is therefore nothing more than an attempt to circumvent traditional discovery, increase Defendants' burden, and impose a certainty requirement for removal that the Eighth Circuit has never adopted.

**II.     Plaintiff's Motion underscores the overlap between this case and the *Kane* Action, confirming that this case should be dismissed in favor of the earlier-filed *Kane* Action.**

The real practical import of Plaintiff's submission is that it all but concedes the clear overlap between this case and the *Kane* Action, highlighting that this case should be dismissed pursuant to federal courts' well-established "first-to-file" rule.  *See* ECF No. 46.  By conceding, as he must, that the two cases "involv[e] the same Risk Alert program" and address the same "central issue" (Motion at 1–2), Plaintiff has completely undercut his prior contention that GEICO "improperly collapses distinct entities and their conduct into a single 'practice.'"  ECF No. 52 at 2. Plaintiff cannot have his cake and eat it too.  He cannot simultaneously claim these cases are too distinct for "first-to-file" treatment yet also look to import discovery responses from the *Kane* Action to support his misguided Motion to Remand.  These sorts of efforts are *precisely* what the "first-to-file" rule is aimed to prevent.  *See, e.g.*, *HRB Tax Grp., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2012 WL 4363723, at *4 (W.D. Mo. Sept. 21, 2012) (recognizing that the "first to file" rule seeks to prevent "waste of judicial resources and . . . risk of inconsistent rulings").

**III.    Plaintiff's filing further evidences his goal to abuse the rules of procedure to drive up litigation costs for GEICO.**

On the face of each and every page of GEICO's *Kane* interrogatory responses—which Plaintiff directly quoted in his Motion and filed publicly on the docket—is a clear designation that such materials are "Highly Confidential and Proprietary."  *See* ECF No. 57-1.  Remarkably, in advance of such public filing, Plaintiff did not, as required by rule, reach out to Defendants'

counsel to either discuss the contents of his Motion or notify counsel that such materials would be filed publicly notwithstanding their confidentiality designation. *See* Judge's Requirements at 3; Local Rule 13.05(A)(2); *Buzzanga v. Life Ins. Co. of N. Am.*, 2012 WL 425002, at *2–3 (E.D. Mo. Feb. 9, 2012). Making matters worse, Plaintiff's counsel completely ignored repeated communications from Defendants' counsel requesting to discuss the nature and sensitivity of the supplemental evidence prior to filing. Plaintiff's failure to engage in good faith discussions stands anathema to both the letter and spirit of Your Honor's Requirements, the Local Rules, and the Federal Rules of Civil Procedure. And were this not enough, Plaintiff's use of Highly Confidential discovery material from the *Kane* Action independently violates the terms of the Protective Order being negotiated by the Parties in that case.[2] As a result, even before considering the futility of Plaintiff's "evidence" on the merits, Plaintiff's disregard for foundational principles of legal practice warrants rejecting the purported "new evidence" out of hand.

## IV. Conclusion

For the foregoing reasons, and those set forth in GEICO's Opposition to Plaintiff's Motion to Remand (ECF No. 40) and Motion to Dismiss (ECF Nos. 46 and 54), GEICO respectfully requests that this Court exercise its jurisdictional authority under CAFA and dismiss this case in favor of the earlier-filed *Kane* Action.

Date: April 28, 2026

Respectfully submitted,

*/s/ George E. Mastoris*
George E. Mastoris (*pro hac vice*)
Adam P. Moskowitz (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Ave.
New York, NY 10166
Telephone: (212) 294-6700

---

[2] GEICO expressly reserves all rights related to Plaintiff's conduct, including but not limited to the right to seek appropriate relief in the *Kane* Action on this issue.

4

Facsimile: (212) 294-4700
gmastoris@winston.com
apmoskowitz@winston.com

*/s/ Samantha Lerner*
Samantha Lerner (*pro hac vice*)
**WINSTON & STRAWN LLP**
300 N. LaSalle Drive
Chicago, IL 60654
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
slerner@winston.com

*/s/ W. Jason Rankin*
W. Jason Rankin #626724
Charles Insler, #58623
Emilee M. Bramstedt, #71802
701 Market St., Ste. 1400
St. Louis, MO 63101
314-241-6160
wjr@heplerbroom.com
cni@heplerbroom.com
emb@heplerbroom.com

*Counsel for Defendants*
*Government Employees Insurance Company,*
*GEICO General Insurance Company,*
*GEICO Indemnity Company,*
*GEICO Casualty Company,*
*GEICO Choice Insurance Company,*
*GEICO Secure Insurance Company,*
*GEICO Advantage Insurance Company, and*
*GEICO Marine Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Defendants'

Response to Plaintiff's Supplemental Evidence was filed electronically on April 28, 2026, and

served by operation of the Court's electronic filing system upon all attorneys of record.


*/s/ George E. Mastoris*

*Counsel for Defendants*
*Government Employees Insurance Company,*
*GEICO General Insurance Company,*
*GEICO Indemnity Company,*
*GEICO Casualty Company,*
*GEICO Choice Insurance Company,*
*GEICO Secure Insurance Company,*
*GEICO Advantage Insurance Company, and*
*GEICO Marine Insurance Company*

6