**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

Eric Westerfield,

    Plaintiff,

v.

Government Employees Insurance Company et al.,

    Defendants.

Case No. 4:26-cv-00173-SRC

## Reply to Supplemental Evidence

### 1.  Defendants do not dispute the $2.72 "average" rests on speculative assumptions.

GEICO's response does not dispute the key point. In opposing remand, Defendants relied on Ms. Hoskins's declaration that, "[a]fter analyzing GEICO's policy premium increases for insureds who had a driver added pursuant to GEICO's Risk Alert program," she "found that the average added expense of an additional youthful driver exceeds $2.72 per day." Doc. 40-1 ¶ 7. The declaration does not describe that figure as a "floor." It describes it as an "average." *Id*. And Defendants used that asserted average as a necessary input in GEICO's amount-in-controversy model. *See* Doc. 40 at 7, 11.

Defendants now reverse course, saying the $2.72 figure was not a "specific and definitive class-wide figure" but instead a "conservative floor" because calculating a precise number would require an insured-by-insured manual review and assumptions. Doc. 58 at 2. That is not what the declaration says. The declaration states only that Ms. Hoskins analyzed GEICO's premium increases and found that "the average added expense" exceeded $2.72 per day. Doc. 40-1 ¶ 7. GEICO cannot convert that "average" into a "floor" through argument after Plaintiff showed that the same

declarant verified discovery responses stating that determining premium increases may require assumptions, "which would result in inaccurate, speculative, and incomplete data." Doc. 57-1.

GEICO's cases are inapposite. *K.A. ex rel. B.W. v. Children's Mercy Hospital* **granted remand**. 2018 WL 6445417 (W.D. Mo. Dec. 10, 2018). The court held the defendant's amount-in-controversy calculation was speculative because the defendant supplied no evidence supporting its assumed figure, and it refused to count that amount toward CAFA jurisdiction. *Id*. at *2–3. That is the same defect here: GEICO's $2.72 figure depends on an unexplained "analysis" of data that Defendants elsewhere say cannot be reliably isolated without assumptions that "would result" in speculation. *Compare* Doc. 40-1 ¶ 7 *with* Doc. 57-1.

*Scherrer* is no better. There, the court first allowed jurisdictional discovery; then the parties used "actual claim data" returned by third-party estimating platforms to compute average depreciated labor amounts. *Scherrer v. Foremost Ins. Co. of Grand Rapids, Mich.*, 2018 WL 1508904, at *1–3 (E.D. Mo. Mar. 27, 2018). The court denied remand because the defendant's calculations were "reasonable and based on fact." *Id*. at *3. Here, by contrast, Defendants have not produced the data underlying the asserted average, resist any discovery into that data, have not explained how the $2.72 figure was calculated, and do not dispute Ms. Hoskins used assumptions, which she now confirmed "would result" in speculation. Doc. 57-1.

The issue is not whether CAFA requires perfect precision. It does not. The issue is whether Defendants have shown, by a preponderance of the evidence, that their assumptions are reasonable rather than speculative. They have not. GEICO's response confirms the $2.72 figure is not a class-specific calculation, not from a disclosed methodology, and not a verified damages floor. It is an asserted average calculated by an undisclosed analysis that GEICO's own verified discovery responses declare speculative. As in *Waters v. Ferrara Candy Co.*, GEICO's "affidavits are

2

insufficient to quantify, beyond mere speculation" the amount in controversy, so Defendants "did not establish by a preponderance of the evidence that the amount of controversy in this matter exceeds $5 million." 873 F.3d 633, 636 (8th Cir. 2017).

**2. GEICO's first-to-file argument still fails because the cases involve different defendants and different classes.**

Defendants use their response on the motion to supplement the remand record as an additional—and improper—opportunity to brief GEICO's motion to dismiss. GEICO argues Plaintiff's supplemental filing "concedes the clear overlap between this case and" *Kane* because both cases involve the Risk Alert program and address similar issues. Doc. 58 at 3. But overlap in business practice differs from overlap in parties, claims, and classes. *Kane* centers on GEICO Casualty. This case centers on GEICO Advantage and a putative class tied to GEICO Advantage policies. GEICO's own declaration identifies 15,000 affected GEICO Advantage insureds. Doc. 40-1 ¶ 6.

Nor does Plaintiff's Missouri conspiracy theory expand the case into a duplicate of *Kane*. Under Missouri law, civil conspiracy "is not a separate and distinct action." *W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 22 (Mo. banc 2012). "Rather, it acts to hold the conspirators jointly and severally liable for the underlying act." *Id*. So the Missouri Conspiracy Class remains tied to the underlying claims and class definitions involving GEICO Advantage. *Id*. The Missouri Conspiracy Class does not create new claims for insureds whose underlying claims belong to a different case against a different underwriting entity. *Id*.

At most, GEICO identifies a potential class-management issue. If the Court concludes there is any overlap between this case and *Kane*, the proper course would be to narrow the class definition to exclude overlapping GEICO Casualty insureds—not to dismiss claims belonging to 15,000 non-overlapping GEICO Advantage insureds. Doc. 40-1 ¶ 6. Dismissal would prejudice absent class members whose claims against GEICO Advantage are not being tolled by *Kane* and who are

3

not represented by *Kane*'s GEICO Casualty class definition. *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 794–95 (6th Cir. 2016).

GEICO's supplemental response therefore does not support first-to-file dismissal. It confirms only that GEICO uses the same Risk Alert program across different underwriting entities. That is not enough to erase the distinction between GEICO Casualty insureds in *Kane* and GEICO Advantage insureds here.

### 3. GEICO's confidentiality argument is collateral and provides no basis to disregard jurisdictional evidence.

GEICO's confidentiality argument does not answer the jurisdictional issue. The question before the Court is whether Defendants proved, by a preponderance of the evidence, that more than $5 million is in controversy. GEICO's verified interrogatory responses bear directly on that question because they confirm that the premium-increase calculation underlying Defendants' model requires assumptions, which "would result" in speculation. Doc. 57-1. GEICO's complaints about confidentiality do not make those admissions less relevant.

This Court has rejected GEICO's attempt to shield jurisdictional evidence from public view. In denying GEICO's motion to seal the Hoskins declaration, the Court explained that "Defendants cannot invoke federal-question jurisdiction as the basis for removal to federal court and then move to seal the figures needed to determine whether federal-question jurisdiction exists." Doc. 36 at 3. The Court further held that determining subject-matter jurisdiction is the core issue regarding the Court's exercise of Article III judicial power, and that the public's right to monitor that decision outweighed GEICO's asserted confidentiality interest. *Id*.

The same principle applies here. GEICO cannot rely on Hoskins's declaration to establish CAFA jurisdiction, then ask the Court to disregard verified discovery responses from the same declarant saying the data underlying that declaration cannot be calculated without speculation. If

the evidence bears on whether the Court has subject-matter jurisdiction, GEICO's confidentiality objection is not a reason to ignore it.

Nor does GEICO identify any valid basis to disregard the supplemental evidence. No protective order has been entered in *Kane*, and the confidentiality agreement being negotiated in that case had not been executed when the interrogatory responses were served or when Plaintiff sought leave to supplement the record here. GEICO cannot create a binding restriction on use by unilaterally marking every page of interrogatory responses (including the plaintiff's interrogatories and GEICO's legal objections) with a designation not in the unexecuted agreement.

GEICO's own response shows why the confidentiality objection is a distraction. Defendants say the point Plaintiff draws from the *Kane* responses is "entirely consistent with" and "***expressly*** made in" GEICO's public declarations filed in this case. Doc. 58 at 1–2 (emphasis added). If so, Defendants have no basis to ask the Court to disregard the same point when it appears in verified discovery responses. And if the verified responses add something meaningful, then they confirm Plaintiff's argument that GEICO's amount-in-controversy model rests on assumptions GEICO itself describes as speculative.

The Court should consider the supplemental evidence for the limited purpose for which Plaintiff offered it: to determine whether Defendants' amount-in-controversy calculation rests on reasonable assumptions or speculation. Although Plaintiff disagrees with GEICO's characterizations (Doc. 58 at 3–4), any collateral confidentiality dispute belongs elsewhere and does not satisfy Defendants' burden to establish CAFA jurisdiction.

**ONDERLAW, LLC**

By:  */s/ Jesse B. Rochman*
 Martin L. Daesch, #40494
 Jesse B. Rochman, #60712
 110 E. Lockwood Ave.
 St. Louis, MO  63119
 (314) 963-9000 (telephone)
 (314) 963-1700 (facsimile)
 daesch@onderlaw.com
 rochman@onderlaw.com
 *Attorneys for Plaintiff*

## Certificate of Service

I certify that on May 4, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.


*/s/ Jesse B. Rochman*

6